M. A. BULL, ex'rx, plaintiff in error, *vs.* THOMAS B. ST. JOHNS, defendant in error.

Where a suit was instituted to recover the value of professional services rendered by an attorney at law for his client, and there being evidence in the record, that there was a *special* contract made between the attorney and client in the year 1863 or 1864, that the services were to be performed for the sum of $300 00 in Confederate currency, and that, owing to the feeble health of the attorney, the client was compelled to employ another attorney to complete the business for which the first attorney was employed, and it further appearing from the evidence, that, in 1867, the client had paid to each of the attorneys for their respective services in the case, one bale of cotton, making two bales of cotton, worth $60 00 each : *Held*, that, in a suit by the executrix of the first attorney against the client, when the jury returned a verdict in favor of the defendant, upon the foregoing state of facts, this Court will not control the discretion of the Court below in refusing to grant a new trial on the ground that the verdict was contrary to the evidence, although the plaintiff proved that the services of her intestate were worth, at least, $125 00, independent of any *special* contract between the parties. There is evidence in the record, from which the jury might have found there was a *special* contract between the parties. And, in that view of it, the verdict was not so strongly and decidedly against the evidence as will authorize this Court to set aside the verdict, the more especially as the presiding Judge before whom the case was tried, was satisfied with it.

Complaint. Motion for new trial. Decided by Judge POPE. Troup Superior Court. November Term, 1868.

In October, 1867, Judge Orville A. Bull sued St. Johns for $300 00, for professional services in a cause of Thomas B. St. Johns vs. John T. Pullen, executor of Hogan & John Shanks, to-wit: filing the bill, Shank's answer thereto, etc.

Pending the action plaintiff died, and his wife, as his executrix, was made plaintiff. The pleas were general issue, and that plaintiff undertook to perform said services at and for $300 00, to be paid in Confederate currency, that plaintiff's ill health prevented him from performing all the service, and forced defendant to employ another attorney, and that he had paid to each of them a bale of cotton worth $75 00, and ought not to pay more.

It was admitted that plaintiff filed the bill and answers,

Bull, ex'rx, *vs.* St. Johns.

and did all the services shown by the minutes of the Court from May term, 1864, to May term, 1866, and that about Christmas, 1867, he received from defendant a bale of cotton weighing five hundred pounds.

Mr. SPEER testified, that the property, about which the bill was filed was worth about $2,500 00, and that ten *per cent.* thereon was a reasonable fee for such a case, if completed.

B. C. Ferrell put the compensation of plaintiff at from $125 00 to $150 00. B. H. Bigham put it at $125 00, saying it was a friendly suit, and that, after May term, 1866, the defendant employed him to complete, and he did complete, the services; that in December, 1867, defendant paid him and Judge Bull each a bag of cotton. Cotton was shown to have been then worth ten or eleven cents per pound. They all stated that Judge Bull had been in ill health for several years.

Plaintiff closed. The only testimony for defendant, was said Shank's, who testified that when he went to get Judge Bull to file said answer in 1864, he asked him what was the agreement between him and St. Johns, and he replied that he had agreed to attend to the whole business for $300 00; that he said that seemed high; Judge Bull replied that it did seem high, but that the $300 00 was Confederate money, and would not buy more that forty bushels of corn, and that if he did not succeed in the cause, St. Johns was to pay him nothing; that at the date of this conversation corn was worth $1 00 per bushel.

The jury found for the defendant. Plaintiff's attorney moved for a new trial, upon the ground that the verdict was contrary to the law and the evidence, etc. The Court refused a new trial, upon the condition that St. Johns would pay the costs which had accrued up to the time of paying said bale of cotton. This is assigned as error.

TOOLE & MABRY, (by Hugh Buchanan,) for plaintiff in error.

W. O. TUGGLE, for defendant.

WARNER, J.

This was an action brought in the Court below by the plaintiff's testator, to recover for professional services, as an attorney at law, rendered to the defendant in a suit, which had been instituted and disposed of in Troup Superior Court. On the trial of the case, the plaintiff proved that the professional services rendered the defendant in that suit by her testator, were reasonably worth, at least, $125 00; some of the witnesses proved them to have been worth more. It also appeared in evidence, that, owing to the feeble health of the plaintiff's testator, he was unable to complete the business for which the defendant had employed him, and that he had been compelled to employ other counsel to prosecute the suit to its final termination. It was proved upon the trial, that the defendant had delivered to the plaintiff's testator, one bale of cotton, worth $60 00, for his professional services in the case, and had also delivered to the other counsel, whom he had been compelled to employ to finish and complete the business of the suit, another bale of cotton, worth the same amount, making, in all, the sum of $120 00, which the defendant had paid both his counsel in *that case.* It further appeared in evidence on the trial, that there was a *special* contract between the plaintiff's testator and the defendant, as to the amount which was to be paid for his professional. services in the case, by the defendant, in Confederate money. The witness who testified in relation to that point in the case, said, " that in 1864, he asked plaintiff's testator what was the agreement between him and defendant. The plaintiff's testator replied that he had agreed to attend to the whole business for $300 00; witness remarked that was pretty high; plaintiff's testator replied, the price seemed high, but the $300 00 was Confederate money, and would not buy more than forty bushels of corn, and further stated that if he did not succeed in the case the defendant was not to pay him any thing." The jury found a verdict for the defendant, and a motion was made for a new trial, on the grounds stated in the record, which was overruled. The

overruling the motion for a new trial is now assigned as error here.

If there was a *special* contract between the plaintiff's testator and the defendant, that the case was to be prosecuted to its final termination for the sum of $300 00 in Confederate money, then, the plaintiff cannot recover on a *quantum meruit* for what the services of her testator were reasonably worth ; the parties must be governed by *their contract:* See latter part of section 441 of the Code. There is no evidence in the record in conflict with that of the witness, who proved the special contract, and the jury had the right to find that there was a special contract between the parties, as stated by that witness. The contract, then, being a Confederate contract, the jury had a liberal discretion, under the Ordinance of 1865, to say, by their verdict, what $300 00 in Confederate money, was worth in good money ; the testator thought, according to the evidence in the record, that it would not buy more than forty bushels of corn in 1864. The defendant has paid $60 00 in good money to the testator, and the like amount to the other counsel, whom he was compelled to employ, in consequence of the feeble health of his original counsel, to prosecute the suit to its final termination. All these circumstances were peculiarly within the province of the jury to consider and determine, under the evidence before them, and, having done so, we cannot, consistently, under the previous rulings of this Court, disturb their verdict, the more especially, as the Court below has refused to interfere with it. The facts of this case, under the evidence, will not authorize us, according to the repeated adjudications of this Court, to control the legal discretion of the Court below in refusing the motion for a new trial: See *McMillan vs. McCay*, 13 *Ga. R.*, 320; *Powell vs. Bigby*, 14 *Ga. R.*, 41.

Let the judgment of the Court below be affirmed.