School Directors v. Trefethren.

## SCHOOL DIRECTORS, etc.
### v.
### EDITH TREFETHREN.

CONTRACT—PROPOSITION AND ACCEPTANCE.—A party making an offer has a right to withdraw it at any time before the one to whom it is made accepts it, notwithstanding a time was named within which the offer might be accepted. The party to whom the offer is made must accept it within the time limited, and before the offer is withdrawn.

APPEAL from the Circuit Court of Warren county; the Hon. JOHN J. GLENN, Judge, presiding. Opinion filed February 24, 1882.

Messrs. WILLOUGHBY & DAUGHERTY, for appellant.

Messrs. McKENZIE & CALKINS, for appellee; that any benefit to one party or loss or disadvantage to the other party is a sufficient consideration to support a contract, cited Doyle v. Knapp, 3 Scam. 334; Buchanan v. International Bank, 78 Ill. 500; Beadle v. Whitlock, 64 Barb. 287; Sykes v. Lafferty, 27 Ark. 407; Connover v. Stillwell, 34 N. J. L. 64; Glasgow v.

Hobbs, 32 Ind. 440; Tompkins v. Phillips, 12 Ga. 52; Warren v. Whiting, 24 Me. 561; Harlan v. Harlan, 20 Pa. St. 303.

LACEY, J.  This was a suit by appellee against appellants, upon an alleged breach of contract made between them, that appellee should teach for appellants the full term of their school, for three months, at $28 per month.  The appellee was refused the privilege of teaching the school on the ground, as appellants contended, that they never had made the contract with her.

The appellee claims that some two weeks before the summer term of her school ended which she had been teaching for them, the appellants, by Mitchell and Miles, two of the directors, gave her an option of two weeks to accept the fall school for a term of three months, at $28 per month, and that before the time was out she accepted the offer.

The appellants claim that if any such option was ever given they had withdrawn it by employing another teacher, and so notified her before she had notified them of her acceptance. And to the maintenance of the affirmative of this issue on the one side, and the negative on the other, the evidence was directed.

Upon this issue the court, in its fourth instruction given for appellee, instructed the jury as follows:

"The court instructs the jury that if the defendant did, in the summer of 1877, make the plaintiff an offer to teach the fall term of school in said district at a fixed price, and did give her two weeks or to a particular time in which to accept or reject the offer, and such time was mutually agreed upon by plaintiff and defendant, then the defendant could not by any act of itself during such time, take away the right of plaintiff to accept such offer, and if at the agreed upon time plaintiff did accept the terms offered by defendant, then the agreement was completed; and the defendant could not avoid such agreement (between the time of the offer and the agreed time, if any, for acceptance or rejection) by hiring another teacher."  And upon the same question the court refused to give the following instruction asked for by appellants numbered two, viz.:

" 2.   The court instructs the jury on behalf of the defend-
ants, that even should they believe from the evidence that
about two weeks before the close of the summer school, Mitch-
ell and Miles, two of the school directors, made, in their offi-
cial capacity, a proposition to hire her for the fall term, at the
rate of $28 per month, but said proposition was not accepted
by the plaintiff, and afterwards and before the plaintiff accepted
the proposition and notified the directors thereof, she was
notified by Miles that a majority of the directors had employed
another teacher for said fall term, and that therefore she would
not be employed; then and in that case the plaintiff can not
recover, and the verdict should be for the defendants."

It was error to give the instruction asked for by appellee
above quoted, and to refuse the one asked for by appellants.

A party making an offer has a right to withdraw it at any
time before the one to whom it is made accepts it.   The party
to whom the offer is made must accept within the time limited,
and before the offer is withdrawn.   The law does not compel
a party to keep open his offer any longer than he sees fit.   Lar-
man v. Jordan, 56 Ill. 204; Parsons on Contracts, 480.

The suggestion made by appellee's counsel that the offer to
hire her was based on the consideration that she should give
up one month of her summer school has no foundation in the
evidence.   The appellee does not so claim in her evidence.
She testifies that the directors Miles and Mitchell came to the
school-house two weeks before the school closed in June and
thought it was too warm to have the three months school com-
pleted; says, " that we agreed upon."

She does swear that the closing of the school at the time she
did, and dropping one month, was a consideration for the option
they gave her.   She quit on the suggestion that it was too
warm.

Nor is the instruction given for appellee above quoted based
on the hypothesis that there was any consideration passing to
appellants for keeping the proposition open two weeks.

The claim also that the hiring another teacher was not
necessarily a withdrawal of the offer to her is not tenable.
This was a school taught by one teacher, which she knew and

understood, for one of the reasons why the directors wanted to reduce the wages from $35 to $28 per month was that the appellants were not able to pay more, and that $28 was all they had been paying her, the balance being furnished by a citizen. When another teacher was employed she knew perfectly well that that ended the proposed contract with her.

The judgment of the court is therefore reversed and cause remanded.

Reversed and remanded.