BLACK *v.* MADDOX *et al.*

1. A written contract whereby the owners of realty, in consideration of a specified sum in cash and of another sum to be paid within a limited time, sell and agree to convey such realty to another or his assigns, is, though signed by the vendors only and though it contains a stipulation that "in case the balance of the purchase-money is not paid as before stated, then this agreement to be null and void and the money paid thereon to be considered as forfeited to the undersigned as liquidated damages," nevertheless binding upon the vendors and capable of specific enforcement at the instance of an assignee of the original vendee, upon due compliance by him with its terms.

2., In such case a tender of the balance of the purchase-money within the time limited, and a continuing tender in the petition for specific performance,· should be treated as equivalent to a compliance.

Submitted February 23, — Decided April 12, 1898.

Equitable petition. Before Judge Henry. Floyd superior court. January term, 1897.

The petition of James L. Black against R. B., J. H., M. O., and A. E. Maddox, residents of Floyd county, and against E. Willis and E. E. Saylor, non-residents of the State, was dismissed upon demurrer. The Maddoxes, who were owners of a certain lot of land in Floyd county, had executed the contract which is set out in the opinion, and under which the plaintiff, with the consent of defendants, went upon the land and has since continuously worked thereon to locate and develop the minerals ; he has expended some money and a large amount of work and time, and has succeeded in locating valuable minerals known as beauxite, the mineral interest so discovered and developed being worth about $5,000 or other large sum. Before the expiration of the time in which the plaintiff had the right to pay the $200 and have the deed made and delivered to him, he tendered the $200·to the Maddoxes and now continues to tender it, but they refuse to deliver to him the deed to the mineral interest as agreed. On July 18, 1896, the Maddoxes in consideration of $500 made a deed conveying the mineral interest to Willis and Saylor, which purchase was procured through D. F. Armington, agent of Willis and Saylor in Floyd county, a copy of which deed is attached. Armington, before and at the time of said purchase and taking the deed, knew that plaintiff had the contract before set out, and that he had expended money, labor and time developing the mineral. Armington was in constant communication with plaintiff, and had visited the premises and had inspected the progress of the development relative to effecting a sale for the plaintiff of the mineral interest, thereby recognizing the plaintiff's interest in the same. Plaintiff was also in communication with defendant Willis, and by his direction had shipped two barrels and a box of beauxite to different parties in New York. It is alleged that Armington, as agent for Willis and Saylor, conspired with the

Maddoxes to cheat and defraud plaintiff out of his just rights, and procured the Maddoxes to make the deed by offering them $300 more than plaintiff was to pay them. The prayer is, that the deed be canceled and declared null and void; that the Maddoxes be made to execute the plaintiff a deed to the mineral interest in pursuance of their contract, and plaintiff be put in possession and defendants be enjoined from entering upon the lot or interfering therewith. By amendment it is alleged, that defendants are unable to respond in damages adequate to cover the injuries resulting to plaintiff by reason of their breach of the contract; and that unless specific performance is decreed, irreparable damage will be done to plaintiff. On or about the first of June plaintiff notified defendants that he would take the place and close up the contract, and defendants said they were ready, and agreed to have the title-deeds made according to agreement.

*Wright & Ewing*, for plaintiff.    *Dean & Dean*, for defendant.

LITTLE, J.  The question raised by the demurrer in this case must find its solution in the determination of the questions, whether the instrument executed by the Messrs. Maddox in favor of Elias H. Kerce, and duly assigned by the latter to the plaintiff, constitutes a valid and binding contract, and, if so, whether the plaintiff is entitled to have the same specifically enforced on the part of the Messrs. Maddox, and is entitled also to the relief prayed for against the other defendants, Willis and Saylor. The instrument which constituted the alleged contract upon which the plaintiff, as assignee, relied, and of which he prayed specific performance, is in the following language: "For and in consideration of one dollar in hand paid, the receipt of which is hereby acknowledged, as well as in consideration of the sum of $200 to be paid as follows, viz., in cash upon the delivery of the deeds, we hereby sell and agree to convey by deed of general warranty to Elias H. Kerce, successors and assigns, subject to purchaser's examination of the title, all the mineral interest in that certain piece or parcel of land situated in Floyd county and State of Georgia, bounded and described as follows: lot 138, in 23d district, 3d sec-

tion, together with all mineral rights and privileges, wood, water, and right of way, containing one hundred and twenty-eight acres, more or less.   A deed to be executed and delivered to said Elias H. Kerce, his heirs, successors or assigns, at any time within two hundred days, upon the payment of the balance of the purchase-money, and in case the balance of the purchase-money is not paid as before stated, then this agreement to be null and void and the money paid thereon to be considered as forfeited to the undersigned as liquidated damages.   For the faithful performance of the covenants herein contained, we bind ourselves by these presents.   Witness our hands and seals, this 16th day of January, 1896."

This instrument was executed under seal by the Messrs. Maddox in the presence of a witness.   It had indorsed upon it an entry in the following words: "For value received, I hereby sell and assign and transfer all my right, interest and title to James L. Black [plaintiff] of, in, and to the within option.   Witness my hand and seal, the 4th day of February, 1896.   [Signed] Elias H. Kerce (Seal)."

From the terms of the instrument, it is apparent that, while its makers undertook, in consideration of the sum of two hundred dollars to be paid as designated, to sell and convey to Kerce, or his assigns, the mineral interests in the land described, at any time within the given number of days when the latter should see fit to pay the balance of the purchase-money, there was no corresponding agreement on the part of Kerce to buy such mineral interests and pay the stipulated sum.   If there had been, there would have been a mutuality of obligation; and the promise of one, a good consideration for the promise of the other.   Civil Code, § 3661.   Unless, therefore, the agreement on the part of the landowners to sell the mineral interests within a given time, upon payment of the sum stipulated, is supported by a consideration, their promise to make such sale is a nudum pactum, the undertaking unilateral and therefore incapable of enforcement.   Civil Code, § 3651.   In a transaction of bargain and sale, it is often found desirable by parties to have a binding agreement which stipulates that the proposition of the vendor shall be a continuous one for a limited time, in which the ven-

dee will be enabled to have opportunity for consideration of
the matter of purchase, or to make necessary arrangements pre-
liminary to the acceptance of the proposition; and thus exercise
a right of option.    The legal objections to contracts of this na-
ture were found in the doctrine of the want of mutuality of
undertaking between the parties, and in earlier days it was
doubted if such a stipulation could be enforced by the courts.
In the case of Bell *v.* Howard, 9 Mod. R. 302, where the cov-
enant was that the covenantor, in consideration of a guinea in
hand paid, upon the request and at the proper costs of the
covenantee, should execute a conveyance, etc., the court doubted
its ability to grant specific performance, on the ground that
the obligation was not mutual, but binding only on one party.
In the case of Cook *v.* Oxley, 3 T. R. 653, it seems to have
been decided that an offer which was intended to be accepted
at a future time was of no avail as the basis of a contract, al-
though there was nothing to show that it was affirmatively
withdrawn prior to the notification of acceptance.    The doc-
trine generally recognized, however, is, that where an offer of
sale is made, if it be accepted before withdrawn, a complete
contract exists; it is, however, so qualified, that the offer, even
though time be given within which it may be accepted, may
be withdrawn at any time before actual acceptance.    Boston &
M. R. *v.* Barlett, 3 Cush. 224; Cheney *v.* Cook, 7 Wis. 413;
Routledge *v.* Grant, 4 Bing. 653; Eskridge *v.* Glover, 5 Stew.
& P. 264; Head *v.* Diggon, 3 Man. & R. 97; Dickinson *v.*
Dodds, L. R. 2 Ch. Div. 463; Hochster *v.* Baruch, 5 Daly, 440;
Gordon *v.* Darnell, 5 Col. 302; Warren County etc. Directors
*v.* Trefethren, 10 Ill. App. 127; Byrne *v.* Van Tienhoben, L.
R. 5 C. P. Div. 344.

By section 3645 of the Civil Code the law governing such
contracts is laid down in the following terms: " The consent
of the parties being essential to a contract, until each has as-
sented to all the terms, the contract is incomplete; until as-
sented to, each party may withdraw his bid or proposition, un-
less a given time is agreed on in which the other party may
assent." It would thus seem to be our law, that where a period
of time is given in which the proposition may be accepted,

such proposition can not be withdrawn before the expiration of such time. The principle upon which continuing offers ripened into a contract, by acceptance before withdrawal, proved of great benefit in commercial transactions, but was in part unsatisfactory to the individual receiving the offer, by reason of its liability to be withdrawn at a time when it was of most value to him, and the inconvenience thus felt gave rise to an endeavor to prevent withdrawal and at the same time leave the party to whom the offer was made free to accept or reject the same. 21 L. R. A. note on page 128. This purpose was accomplished by procuring from the proposed vendor an obligation binding him to make a contract of sale. It is just as competent for a man to bind himself to make a contract of sale as it is for him to bind himself by a contract of sale. De-Ruette *v.* Muldrow, 16 Cal. 505. The obligation by which one binds himself to sell, and leaves it discretionary with the other party to buy, is what is termed in law an option, which is simply a contract by which the owner of property agrees with another person that he shall have a right to buy the property at a fixed price within a certain time. Ide *v.* Leiser, 10 Mont. 5. In such contract two elements exist: first, the offer to sell, which does not become a contract until accepted; second, the completed contract to leave the offer open for the specified time. These elements are wholly independent and can not be treated together without great liability to confusion and error. 21 L. R. A. 128, note. Thus, in an agreement for a lease, there was inserted a further agreement that the landlord would, if required within two years, sell the tenant the fee of the land at a certain price, at the tenant's option. The lease was forfeited by reason of a breach of the agreement to insure, and the court held that the agreement to sell was a separate agreement and would be specifically enforced, notwithstanding the forfeiture of the lease. Green *v.* Low, 22 Beav. 625. Such a. contract is subject to all the rules governing other contracts, and in general must be supported by a consideration. Coleman *v.* Applegarth, 68 Md. 21. Where a consideration is paid for the option, however, the party making the offer can not lawfully withdraw it. If the offer is in writing, for a valuable

consideration, and time is given within which it shall stand open for acceptance, such option, during the time specified, is irrevocable.　Weaver *v.* Burr, 3 L. R. A. 94; Bradford *v.* Foster, 87 Tenn. 4; Linn *v.* McLean, 80 Ala. 360; Souffrain *v.* McDonald, 27 Ind. 269; Herrman *v.* Babcock, 103 Ind. 461.

In the case at bar, the defendants in error, in consideration of one dollar paid to them, gave to Kerce and his assigns, by an instrument in writing, the right, on payment by him or them, at any time within two hundred days, of the sum of two hundred dollars in cash, to demand and have from the defendants in error their deed, containing a general warranty, conveying to him or his assigns all mineral interests in certain lands described.　Section 3657 of the Civil Code provides that a consideration is valid if any benefit accrues to him who makes the promise or any injury to him who receives the promise; and by section 3659 of that Code it is declared that mere inadequacy of consideration alone will not void a contract.　Indeed, the instrument relied on in this case being under seal, a consideration is imported which the promisors would be estopped to deny.　Weaver *v.* Burr, 3 L. R. A. 94; Donnally *v.* Parker, 5 W. Va. 301; Civil Code, § 3656.　It appears, therefore, that the defendants in error did make a contract in writing with Kerce, by which they bound themselves to sell and convey to him, or his assigns, the mineral interests in certain lands which they owned, on the payment to them, within two hundred days from January 16, 1896, of the sum of two hundred dollars, and that this undertaking was founded on a valuable consideration paid to them by Kerce, and consequently was a valid and binding contract upon the landowners to convey to Kerce, or his assigns, upon the payment or tender by either, of the sum named, at any time within the limited period.

The next inquiry is, will equity decree a specific performance of the contract on the part of the defendants in error, and a cancelation of the deed made by them to Willis and Saylor. If specific performance will be decreed, it may be taken as a matter of course that the conveyance in favor of Willis and Saylor will be canceled, inasmuch as the petition charges that they purchased with actual notice and knowledge of the rights

and equities of Kerce and his assignee. It appears that the plaintiff, as the assignee of Kerce, with the knowledge and consent of the defendants in error, went upon the lands, worked thereon to locate and develop the minerals, expended money in the venture, discovered valuable minerals, and within the time limited tendered to the defendants in error the two hundred dollars and requested that conveyance be made to him. They refused to accept the money and to execute the deed; and in bringing this petition for specific performance, the plaintiff makes a continuing tender of the amount, and alleges that the defendants are unable to respond in damages adequate to cover the injuries resulting to plaintiff by reason of their breach of the contract, and that unless specific performance is decreed, irreparable damage will be done to him. That the petition makes a case entitling the plaintiff to specific performance, and the cancelation of the deed in favor of Willis and Saylor, is clearly ruled by the principle announced in the case of *Simms* v. *Lide*, 94 *Ga.* 553, where it was held : "A contract under seal to convey land to another upon the payment by him of a stipulated price, provided such payment be made within six months of the date of the contract, is obligatory if supported by a consideration of five dollars actually paid by the obligee to the obligor. After the former has made his election to pay the stipulated price and has actually tendered the same within the time specified in the contract and demanded a conveyance, there is no want of mutuality, but both parties are bound absolutely, and specific performance may be enforced at the instance of the obligee suing in behalf of a third person to whom he has sold all his interest in the premises or in the contract sought to be enforced, such assignee being a coparty plaintiff as usee." See also authorities cited on page 555. In such a case tender is equivalent to performance. 39 *Ga.* 597.

Generally, unless there be mutuality of obligation, so that either party might have a right to the remedy, there can be no enforcement of the contract by specific performance. There are, however, clear exceptions to this rule. In discussing them, Waterman in his work on Specific Performance, § 200, says: "But it is well settled that an optional agreement to convey, or to

renew a lease, without any covenant or obligation to purchase or accept, and without any mutuality of remedy, will be enforced in equity, if it is made upon proper consideration, or forms part of a lease or other contract between the parties that may be the true consideration for it, though such an agreement can perhaps scarcely be called an exception; for, being in fact a conditional contract, when the condition has been made absolute by a compliance with its terms, the contract becomes mutual and capable of enforcement by either party. A contract for the sale of real estate at the option of the vendee only, upon election and notice, may not only be specifically enforced, but the refusal of the vendor to accept the purchase-money will not destroy the mutuality, though the vendee could thereupon withdraw his election." In the case under review, the obligation of the defendants in error was a subsisting, irrevocable offer for the time limited. When the acceptance was made, there was a mutuality of undertaking. The filing of the bill for specific performance itself supplied the element of mutuality, if it was theretofore wanting; and the court had full power to decree as against each of them. Woodruff v. Woodruff, 1 L. R. A. 380.

The court erred in sustaining the demurrer, and the judgment must be *Reversed. All concurring, except Cobb, J., absent.*