### 10359.   BLOUNT *v.* LYNCH.

1. An option contract for the sale of land is not subject to attack because of inadequacy of the consideration named in it; nor is it necessarily rendered unenforceable by failure to pay the consideration named.
2. A tender required by a contract may be waived by conduct amounting to a repudiation of the contract, or by **obstructing** or preventing the tender.
3. The petition in this case, in which the holder of an option for the purchase of land sought to recover damages for breach of the contract, stated a cause of action, and the court did not err in overruling the general demurrer to the petition.

DECIDED OCTOBER 9, 1919.

Action on contract; from Fulton superior court—Judge Humphries. February 3, 1919.

*Daley, Chambers & Daley, Westmoreland, Anderson & Smith,* for plaintiff in error.

*Anderson, Rountree & Crenshaw,* contra. .

LUKE, J.   John H. Lynch sued Mrs. Blount, alleging, in sub-stance, that on July 19, 1917, the defendant executed an option to him, as follows: "For and in consideration of the sum of one ($1.00) dollar in hand paid, the receipt whereof is hereby acknowl-edged, the said Mrs. Mary A. Blount has granted, bargained, sold, and conveyed, and by these presents does hereby grant, bargain, sell, and convey to the said John H. Lynch, his heirs or assigns, an

option for a period of thirty (30) days from the date hereof [July 19, 1917], to purchase on the terms specified hereinafter the following described property;" describing certain land. "The terms upon which this option is given are as follows: (1) The payment by the said John H. Lynch, within thirty days from the date hereof, of the sum of seven hundred ($700.00) dollars in cash; (2) the assumption by the said John H. Lynch, or his assigns, of the loan now on said property, amounting to the sum of $6,750.00, with accrued interest, and balance of purchase price, to wit, $4,250.00 at the rate of $100.00 per month, with interest at the rate of 7% per annum; (3) the payment by the said Lynch of the amount of the unearned insurance premium now on said property; (4) the said Lynch to have the rents on the said property from the date when this option is exercised by him. In witness whereof the said parties have hereto set their hands and affixed their seals," etc. Signed and sealed by the parties.

The petition alleges: "that on or about the 10th day of August, 1917, your petitioner called to see the said Mrs. Blount, the defendant named in this suit, for the purpose of making an appointment with her to meet at such time as might be convenient, in order that said option might be exercised by petitioner and the transaction closed in accordance with the terms thereof; that to petitioner's surprise, the said Mrs. Blount at said time advised him that she would not sell said property and would not perform her contract as contained in said option; that, notwithstanding this, your petitioner, hoping that the said Mrs. Blount would carry out the provisions of her contract with him, prepared the papers which it would be necessary to have executed by the said Mrs. Blount and by himself in order to carry out said contract in accordance with the terms thereof, and carried the same, with a sufficient amount of cash to meet all the cash payments required to be paid under said option, to the home of the defendant, Mrs. Blount, on or about the 13th or 14th of August, 1917, for the purpose of tendering to her the consideration required from him under the terms of said contract; that he went to the door of the premises occupied by the said Mrs. Blount at said time, rang the door-bell and knocked upon the door loudly, but no one appeared to admit him, although he saw through the window of one of the rooms occupied by the defendant that there were persons in said room in

cluding the defendant; that thereafter he made several efforts to be admitted to the house for the purpose of making such tender, he telephoned to the defendant a number of times, and had others telephone her for him a number of times, seeking to arrange a meeting with her, and that members of her family would answer the telephone and inform him and those who acted for him that Mrs. Blount was not at home, sometimes stating that she was in one place and sometimes stating that she was in another; such statements being wholly inconsistent with each other; that on the 17th day of August, 1917, after having made many efforts as aforesaid to communicate with the said defendant and to make due tender to her, he addressed a letter to her at her residence in the City of Atlanta, advising her of the fact that he had made previous efforts to find her, but without success, and appointing the following day, Saturday, August 18, at twelve o'clock, noon, when he would call for the purpose of closing said transaction, or in any event of making tender to her of the considerations required of him under the contract; that in pursuance of such communication he did in fact call at her home at twelve o'clock, noon, on Saturday, August 18th, 1917, then and there being prepared to make tender to her in accordance with the terms of said contract, and was there met by other members of the defendant's family, who informed him that the defendant was away from home and would not return that day; that later in the afternoon of the same day, being informed by a friend that Mrs. Blount had been seen upon the front porch of a residence in Decatur, Georgia, he sought the aid of certain friends of his and went immediately to Decatur, and his friends at his request called at the house where the defendant, Mrs. Blount, was said to be, prepared to make tender for him as aforesaid, but they were not admitted into the house, and were informed by certain persons whom they found upon the front porch that Mrs. Blount was not at these premises; that your petitioner made diligent, frequent, and constant efforts, for more than a week prior to the expiration of said option, to make tender of the considerations required of him under the said contract to the defendant, Mrs. Mary A. Blount, and that said defendant purposely and deliberately evaded him and refused to see him, in order to prevent a tender of said considerations being made to her by petitioner; that because of the several facts hereinbefore set forth, the

defendant, Mrs. Mary A. Blount, has waived the making of tender to her under the said option contract; that your petitioner was ready, willing, and able to carry out the terms of his contract with the defendant, Mrs. Mary A. Blount, and, for several days prior to the expiration of said option, desired and sought the right to close said contract in accordance with said option, or to tender to the defendant the considerations required of him therein; that notwithstanding the facts hereinbefore set out, said defendant declines to carry out her contract and has breached the same; that the total purchase-price to be paid by your petitioner under the terms of said contract is $11,700.00 in the aggregate, plus the unearned premiums on the policies of insurance covering the premises agreed to be sold to him, which amount to about $90.25, making a total that would have been required of him, under the terms of his contract, of $11,790.25; that the true market value of the said property at the time he sought to close said contract was $17.000.00, or other large sum, and that your petitioner has therefore been injured and damaged by the defendant in the sum of $5,000.00, or other large sum, and he seeks to recover said sum from her on account of her breach of contract as aforesaid. Wherefore, petitioner prays judgment," etc.

The defendant demurred, upon the grounds: that the petition did not state facts sufficient to constitute a cause of action; that the contract was unilateral and not binding, and, that the complainant did not state facts sufficient to show an equity in the plaintiff sufficient to authorize any judgment against the defendant. The court overruled the demurrer and the plaintiff excepted.

1. The first question to be considered is whether the agreement entered into is valid. The mere inadequacy of the consideration named in the contract would not of itself void the contract, neither would the fact that the considerations named in it had not been paid necessarily vitiate the contract or render it less enforceable. As said by the Supreme Court, "It is just as competent for a man to bind himself to make a contract of sale as it is for him to bind himself by a contract of sale. The obligation by which one binds himself to sell, and leaves it discretionary with the other party to buy, is what is termed in law an option, which is simply a contract by which the owner of property agrees with another person that he shall have a right to buy the property

at a fixed price within a certain time." See *Black* v. *Maddox,* 104 *Ga.* 162 (30 S. E. 723); Civil Code (1910), § 4244. Upon the question as to the amount of the consideration named in the contract, and the obligation raised to pay it, see *Southern Bell Tel. Co.* v. *Harris,* 117 *Ga.* 1001 (44 S. E. 885). We think, in view of the precedents, by which we are controlled, that the contract is not invalid.

2. The next question to be considered is whether or not Lynch alleges facts sufficient to entitle him to maintain an action for a breach of the contract, and if there has been a breach upon the part of Mrs. Blount. Where a contract provides that there must be a tender of money or a performance of some obligation, the party bound to make the tender or perform the obligation may be relieved, and the tender and obligation held to have been waived, where the other party to the contract repudiates it, by act or word, or takes a position which would render tender or performance of the obligation imposed useless or impossible. Upon information being conveyed by the first party to the other that he was ready to perform and make good all the obligations resting upon him, so as to make the contract enforceable under its terms, and a statement or declaration by the other party that there would be no performance of the contract in any event, it would be useless to go through the ceremony of actually making a tender or further proffer. As was said by the Supreme Court in *Ansley* v. *Hightower,* 120 *Ga.* 719 (48 S. E. 197), "a tender of money is excused where, before the expiration of the time therefor, the party to whom it is to be made makes declarations equivalent to a refusal to accept the tender if made." In addition to this, if the party to whom tender is to be made should obstruct or prevent a tender, we see no reason why in that event tender should not be held to have been waived. It would be unfair for the first party to a contract to purposely avoid and prevent the performance of a contract by the other party. We think the petition in this case sets out, if true (and for the purposes of demurrer we must take it to be true), a cause of action which entitles the plaintiff to have his cause determined by the courts.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*