### 11384.  Cobb *v.* Jolley.

Stephens, J. · 1. A contract executed by the payment of a sum of money — as $1 — by one party, as a consideration for a promise or undertaking by the other party is not void for want of consideration. *Southern Bell Tel. &c. Co.* v. *Harris,* 117 *Ga.* 1001 (2)  (44 S. E. 885).

2. The contract sued upon, as set out in the petition, is as follows: " For the consideration of one dollar in hand paid, I hereby give W. S. Cobb option on my two places known as the Golden place and Flowers place in the 6th district of Tift county, to sell for me at $60.00 per acre net. Said places contain 440 acres, 263 acres in the Golden place and 177 acres in the Flowers place. This option expires Oct. 15, 1919. This 17th day of December 1918.  [Signed] R. A. Jolley." This contract properly construed, is a contract giving to the plaintiff, as a real-estate broker, the right to sell for the defendant the real-estate mentioned in the contract, providing the sale nets the defendant $60 per acre.

3. In a suit by the broker the measure of damages for the breach of such a contract is the value of his services measured by a reasonable commission upon the selling price of the real estate.

4. The petition set out a cause of action, and the court erred in dismissing it on demurrer.

Judgment reversed.  *Jenkins,* P. J., and *Hill,* J., concur.

Decided January 20, 1921.

Action on contract; from city court of Carrollton — Judge Beall.  February 12, 1920.

· The demurrer was on the ground that no cause of action was set out; the judgment on the demurrer was as follows: " It appearing to the court that this is a suit on a unilateral contract, and, according to the decisions of our court, is not enforceable, therefore the general demurrer is hereby sustained and the suit dismissed. "  In the brief of counsel for the defendant it is contended that if the court erred in treating the contract as unilateral, the judgment dismissing the petition was nevertheless right because the suit is based on the breach of a written contract, and the plaintiff does not sue for damages growing out of the breach, which in this instance " would be $10 an acre on one of the places

and $15 an acre on the other place," but attempts to recover in assumpsit a sum alleged to be the reasonable value of his services. On the part of the plaintiff it was contended that while he would be entitled to recover the difference between the price named in his contract with the defendant and the price obtained, this would not prevent a recovery of the lower amount sued for.

The petition alleges the execution of the contract set out, and that the plaintiff, W. S. Cobb, subsequently undertook to sell the property described in the contract, and submitted the property to various prospective purchasers, with a view to selling it according to the terms of the contract; that among those to whom he undertook to sell the property was G. D. Browning, who, after careful inspection, agreed to buy for $75 per acre the tract of land described in the said written instrument as the Flowers place; that Browning was able, ready, and willing to purchase the property for $75 per acre cash, and these facts were communicated by plaintiff to defendant; that the defendant refused to comply with the terms of the said written instrument and refused to sell the said property to Browning; that a reasonable commission for the sale of said property would have been and is 5% on the entire purchase-price, and amounts, on the above-described land, to $663.75. Similar allegations are made as to the tract of land described as the Golden place, which it is alleged the plaintiff undertook to sell to R. D. Smith and I. C. Touchstone and they agreed to buy for $70 per acre. A reasonable commission for the sale of this latter tract, it is, alleged, amounts to $920.50. The petition concludes with a prayer " for judgment for the two amounts above named, to wit: $663.75 and $920.50. " The suit was filed within the time specified in the contract as the limit of the option.

*R. D. Smith, S. Holderness,* for plaintiff, cited: Civil Code (1910) § 4230, 4241; 117 *Ga.* 1001(2) ; 115 *Ga.* 866, 868; 66 *Ga.* 179; 104 *Ga.* 157; 130 *Ga.* 265, 269.

*Boykin & Boykin,* for defendant, cited: 130 *Ga.* 265(1) ; 17 *Ga. App.* 677; 8 *Ga.* 71; 39 *Ga.* 81.