## 14196.  MITCHELL *v.* OWEN.

The charge of the court as to what would constitute a waiver of tender of purchase-money of the land which the plaintiff had contracted to deed to the defendant was not prejudicial to the plaintiff.

The evidence authorized the verdict allowing the defendant, as a credit upon the purchase-money, damages because of the plaintiff's refusal to make the deed; and the court did not err in overruling the plaintiff's motion for a new trial.

DECIDED FEBRUARY 25, 1924.

Complaint; from Pike superior court—Judge Searcy. December 9, 1922.

Certiorari was granted by the Supreme Court.

Mitchell sued Owen for the balance of the purchase price of land under the following contract: "This agreement, made and entered into this August 24th, 1918, witnesseth: that for and in consideration of the sum of twenty-five dollars ($25.00) this day paid by E. M. Owen to W. H. Mitchell, receipt whereof is hereby acknowledged, the said W. H. Mitchell does hereby agree to deed to the said E. M. Owen lots 43 and 44 in the 9th district of Pike county, Georgia, by December 1st, 1918, for the sum of twelve thousand and no/100 dollars ($12,000.00)." Owen pleaded that he resold the land at a profit and tendered the full balance due on the contract; that Mitchell refused to make a deed to him as provided by the contract, and that he lost the difference between the price he was to pay for the land and the price at which he sold it; and he prayed for damages for this amount. When the case was tried Mitchell denied that the balance due had ever been tendered him, and introduced evidence to show that at the time the deed was to be made he (Mitchell) was in a sanitarium, and his mental condition was such that he could not execute a deed. The jury found in favor of Owen's plea of recoupment, and allowed him credit for the full amount of damages claimed, and returned a verdict for the balance of the purchase-money due after making this deduction. Mitchell's motion for a new trial was overruled, and he excepted.

*J. F. Redding,* for plaintiff.
*Cleveland & Goodrich,* for defendant.

PER CURIAM. (After stating the foregoing facts.) One of the grounds of the motion for a new trial in this case alleges that the court erred in the following instructions to the jury: "If, at any

time before the plaintiff was required by the terms of the contract to make a deed upon a receipt of balance of the purchase-money due, the plaintiff had determined in his own mind and declared his purpose not to make a deed to this land, and this was communicated to the defendant, and he believed it to be the act or attitude of the plaintiff with reference to the contract, this would relieve him from the necessity of making a tender of payment, but whether this be true or not is a question of fact and is for you to determine, and is not for the court. You take the evidence and all the facts and circumstances that appear in proof, if they do appear, and you will say whether the plaintiff in good faith intended to live up to his contract and perform the obligations to it, or whether he repudiated it and declared that he had repudiated [it], and whether or not this was communicated to the defendant and he believed and acted on it." It is insisted that this portion of the charge is error "for the reason that there was no evidence in the case to authorize such a charge, and that there was no evidence in the case that the defendant acted upon such information, but the contrary appears."

Conceding that the last part of this charge, viz., "and he believed and acted on it," was error, it was not prejudicial to the plaintiff. On the contrary, it was favorable to him. Under repeated decisions of the Supreme Court and of this court a tender is waived when the party to whom it is to be made makes any statement which amounts to a repudiation of the contract, and it is not necessary for the other party to show that he "believed and acted upon it." *Biggers* v. *Pace,* 5 *Ga.* 171 (2), 175 (2); *Hunt* v. *Formby's,* 43 *Ga.* 80 (2); *Arnold* v. *Empire Insurance Co.,* 3 *Ga. App.* 685 (5) (60 S. E. 470); *Blount* v. *Lynch,* 24 *Ga. App.* 217 (2) (100 S. E. 644).

None of the other special grounds of the motion for a new trial requires a reversal of the judgment below. Some of these grounds are too defective to be considered by this court, and the others are without substantial merit.

The verdict was authorized by the evidence, and the overruling of the motion for a new trial was not error.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., dissents.*