24861.  JONES v. VEREEN et al.

DECIDED NOVEMBER 18, 1935.

158

*Wilcox, Connell & Wilcox, Hoyl H. Whelchel,* for plaintiff in error.

SUTTON, J. An option is a contract by which the owner of property agrees with another that the latter shall have the right to buy the former's property at a fixed price within a certain time and on agreed terms and conditions. *Black* v. *Maddox,* 104 *Ga.* 157, 162 (30 S. E. 723); *Simpson* v. *Sanders,* 130 *Ga.* 265 (60 S. E. 541); *Luke* v. *Livingston,* 9 *Ga. App.* 116 (70 S. E. 596); *Hughes* v. *Holliday,* 149 *Ga.* 147 (99 S. E. 301). The rules governing other contracts apply to an option (*Simpson* v. *Sanders,* supra); that is, before the option contract is completed there must be an agreement on its terms and conditions. So where the seller and the buyer met in the office of the seller's attorney and agreed on the price, terms, and conditions of the proposed purchase, and the attorney was instructed to draw up an option agreement for a specified time giving the buyer the privilege of buying the former's property on such terms and conditions and for such price, in consideration of a certain sum to be paid by the buyer as earnest money, and upon such contract being written and signed by the seller it should be submitted to the buyer and he would honor a draft for the agreed consideration for the option privilege, and such attorney in drawing the option agreement inserted therein that the buyer was to pay the current taxes on the property, there having been no agreement that the buyer should do so (the seller under the law being liable therefor), and when such written contract was presented to the buyer he notified the attorney and seller in writing that he had not agreed to pay such taxes, and that unless the option was changed by striking out that provision, or another contract was drawn up in accordance with their prior agreement, the buyer would not accept the option and pay the earnest money, and also notified the attorney that he would not accept the option tendered, and asked what to do with it, and was told by the attorney that he had notified the seller and would try to get the matter straightened out; and where neither the seller nor his attorney responded further to such notification, and the buyer refused to honor the draft for the earnest money, there was no completed option contract according to the terms agreed on, and the

seller can not enforce payment of the consideration to be paid for the option as agreed on, even though the buyer did not physically return the submitted written option to the seller or his attorney when he notified the attorney that it did not correspond to their prior agreement. See *Larned* v. *Wentworth,* 114 *Ga.* 208 (39 S. E. 855); *Sneed* v. *Wood,* 24 *Ga. App.* 210 (100 S. E. 714); 66 C. J . 494, et seq.

This case is unlike *Leigh* v. *Brown,* 99 *Ga.* 258 (25 S. E. 621); *Johnson* v. *White,* 120 *Ga.* 1010 (48 S. E. 426), and other similar decisions. In those cases a retention of an insurance policy by the insured, nothing further appearing, was held to constitute an acceptance thereof in the form submitted and a waiver of any provisions therein not agreed on. Under the evidence in this case, it was a question of fact for the jury whether there was an acceptance by the buyer of the option in the form submitted, and the jury resolved this issue in favor of the defendant. The portions of the charge of the court to which the plaintiff in error excepted were authorized by the pleadings and the evidence and adjusted thereto, and do not show any harmful error. The verdict was authorized, and the judge properly overruled the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*