## MATTOX *v.* WEST.

No. 14115.   JUNE 17, 1942.   REHEARING DENIED JULY 16, 1942.

*Clifford E. Hay,* for plaintiff in error.

*Hoyt H. Whelchel,* contra.

REID, Chief Justice. ■ In the first special ground of the motion for new trial it is contended that the evidence demanded a verdict in favor of the claimant. It is insisted that an option to buy land or a transfer of such instrument from the optionee, a husband, to his wife, does not grant any attachable interest or stand upon the same footing as a conveyance; and that an extension of an option is, in legal effect, a new option, so that where the wife acquired title by a deed from optionors, not during the original term of the option, but during the time of the second extension made thereon to the wife in her name, whether or not the consideration for the extensions were paid, such transaction is not subject to attack as fraudulent by a creditor of the husband in a levy and claim case, according to the contention of the plaintiff in error. Acts by debtors declared fraudulent against creditors, and as to them void, are enumerated in the Code, § 28-201, as follows: "1. Every assignment or transfer by a debtor, insolvent at the time, of real or personal property, or choses in action of any description, to any person, either in trust or for the benefit of, or in behalf of, creditors, where any trust or benefit is reserved to the assignor or any person for him. 2. Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judg-

ment and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid. 3. Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance." In the trial of a statutory claim to land, in order to show fraud in a deed to the claimant it is not necessary to have special pleadings for that purpose. *Fouts* v. *Gardner,* 157 *Ga.* 362 (1, *a*) (121 S. E. 330) ; *Simmons* v. *Realty Investment Co.,* 160 *Ga.* 99 (127 S. E. 279) ; *Tippins* v. *Lane,* 184 *Ga.* 331 (4) (191 S. E. 134). From the evidence in the instant case it is apparent that the attack by the judgment creditor of the husband for fraud was not directed simply against the option transfer and extensions, but called into question the whole transaction including the conveyance into the wife of the property she claimed. The means used in the transaction was the transfer to the wife of an option which the husband held as optionee, with extensions in her name under which she obtained the deed to the property. There was evidence that the extensions were procured by the husband. Although he testified that the consideration for the option transfer was not the $10 recited, but something over $3000 he was repaying his wife, it was shown in the evidence that at the time of the transfer the husband was by his own admission unable to pay his debts, and that the property was worth twice as much as the purchase consideration expressed in the option. It was also shown that the husband had engineered the sales of portions of the optioned property through which about $10,500 was applied towards the purchase consideration, leaving a balance of only $688.04, and that the remainder of the property conveyed to the wife greatly exceeded in value the balance she paid and the indebtedness the husband testified he owed her. Under the evidence the participation in and direction by the husband was traced through the different steps to the making of the deed to the wife.

The word "option" means privilege. *Illges* v. *Dexter,* 77 *Ga.* 36, 38; 30 Words and Phrases, 19. An option is a contract by which the owner of property agrees with another that the latter shall have the right to buy the owner's property at a fixed price, within a certain time, and on agreed terms and conditions. *Black*

v. *Maddox,* 104 *Ga.* 157, 162 (30 S. E. 723); *Hughes* v. *Holliday,* 149 *Ga.* 147 (99 S. E. 301). Such a contract to leave the offer open for a specified time is subject to all of the rules governing other contracts. *Simpson* v. *Sanders,* 130 *Ga.* 265, 270 (60 S. E. 541); *Jones* v. *Vereen,* 52 *Ga. App.* 157 (182 S. E. 627). The effect of a contract for an option to purchase land is to bind the owner of the property to hold it in the same state and condition in which it existed at the time the contract was made, so that he may be able to convey it in such condition, if the optionee sees proper to call upon him so to do; and while an option to purchase land does not, before acceptance, vest in the holder of the option any interest in the land itself, the optionee does have such rights as he may have, under the contract, for a breach of the obligations imposed thereby. *Varn Turpentine & Cattle Co.* v. *Allen,* 38 *Ga App.* 408 (144 S. E. 47). It is true that a subsequent agreement by the optionor to extend the time, whether made before or after the time limited for the exercise of the original option, must be supported by a valuable consideration, as such agreement is in effect a new option. *Broadwell* v. *Smith,* 152 *Ga.* 161 (2) (108 S. E. 609). However, that the considerations named in the extensions had not been paid would not necessarily defeat the option contract or render it less enforceable. *Blount* v. *Lynch,* 24 *Ga. App.* 217 (100 S. E. 644). See *Southern Bell Telephone &c. Co.* v. *Harris,* 117 *Ga.* 1001 (2) (44 S. E. 885); *Cobb* v. *Jolley,* 26 *Ga. App.* 123 (105 S. E. 630). Nevertheless, in the circumstances of the present case, the Code, § 28-201, is broad enough to cover the transaction between the husband and wife, although among the means employed there was an option with its transfer and extensions.

When a transaction between husband and wife is attacked for fraud by creditors of either, the onus is on the husband and wife to show that the transaction was fair. Code, § 53-505; *Richardson* v. *Subers,* 82 *Ga.* 427 (9 S. E. 172); *Strickland* v. *Jones,* 131 *Ga.* 409 (62 S. E. 322); *Simmons* v. *Realty Investment Co.,* 160 *Ga.* 99 (2) (127 S. E. 279). In *Parker* v. *Harling,* 189 *Ga.* 224 (2) (5 S. E. 2d, 755), this court held: "They [the husband and wife] must show that the transaction *as a whole* is free from fraud, and the bona fides must be *clearly established.*" See *Booher* v. *Worrill,* 57 *Ga.* 235. The Code, § 37-706, declares that "Fraud may

not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." This Code section is particularly applicable in family transactions. *Woodruff* v. *Wilkinson,* 73 *Ga.* 115; *McLendon* v. *Reynolds Grocery Co.,* 160 *Ga.* 763, 768 (129 S. E. 65). From the various circumstances in evidence the jury could infer that the transaction was not in good faith. Since the evidence and circumstances supported the finding of the jury, and the evidence did not demand a different verdict, the first special ground of the motion is held without merit. Inasmuch as the ground raised the same contentions as that usually dealt with in the general grounds, it is also held that the general grounds are without merit.

■ Exception was taken to several parts of the judge's charge, as follows: "The law provides that every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution or contract of any description, had or made with intent to delay or defraud creditors, and such intention is known to the party taking the property, is void. . . The law further provides that every voluntary deed or conveyance not for a valuable consideration made by a debtor insolvent at the time of such conveyance is void. . . If you believe at the time he [T. W. Mattox] made those transactions and that he did so with intent to hinder or defraud creditors, and the transactions made involving the transition of the property into title of claimant, if you believe it was made by Mr. Mattox in fraud with intent to hinder or defraud his creditors, as to him that transaction would be void. . . If you believe that he [T. W. Mattox] was dealing in fraud to convey the property to his wife, the claimant, and she knew it, if you believe he was doing it to hinder or delay his creditors, and she accepted the transfer and title in her name with that knowledge or with grounds for reasonable suspicion, and to enable him to carry out that fraudulent purpose, then the transaction would be void as to both of them. In that event, you would find in favor of the plaintiff in fi. fa., and that the property be found subject. . . If you find that at the time of the transaction complained about, and which this controversy is contesting, that Mr. Mattox did so owe this debt, if it was a bona fide debt, if it was done to hinder or defraud his creditors, as to him it would be void and as to him it would be subject; and if his wife knew it or had reason-

able grounds of suspicion that it was true, then her title would be void, and the property would be found subject. . . If you should believe that the conveyance amounted to a voluntary transaction and not for a valuable consideration, and made by the debtor insolvent at the time of such conveyance, you would find the property subject to the payment of the fi. fa." The complaint was that the charge was erroneous, because there was no evidence on which to base it; because the evidence rendered the charge inapplicable; and because it deprived the wife of the right to contract in her own name. We have set forth hereinabove spaces between the excerpts from the charge, to indicate that as complained of it is not one continuous charge. Between the excerpts and elsewhere in the charge there were set out correct principles applicable to the case and by which the jury could apply the rights of the wife or claimant. The charge complained of was not erroneous for any reason assigned. *Judgment affirmed. All the Justices concur.*