## 29306. SMITH v. WHEELER.

JORDAN, Justice.

Ira Wheeler and Charles Smith entered into an option agreement on March 17, 1973, whereby Wheeler gave Smith a one-year option to buy certain property located in Rockdale County. The option agreement, signed by both parties, states that it is "In consideration of the sum of one ($1.00) dollar to me in hand paid, receipt whereof is hereby acknowledged. . ." It is undisputed that the one dollar consideration cited in the agreement was not paid at the time of execution.

On May 22, 1973, Wheeler, through his attorney, informed Smith in a letter that due to the fact that Smith had never paid the one dollar cited as consideration in the agreement he would take the position "that the purported option agreement is a legal nullity and not enforceable against him." Wheeler went on to state in the letter that he intended to sell the property shortly thereafter to another individual and that as far as he was concerned Smith had "no legal rights in the property." On March 11, 1974, Smith sent Wheeler notice by registered mail that he was prepared to exercise his option to buy the property and enclosed the one dollar consideration. In his letter, Smith stated that he was ready to pay $30,000 in cash and that the closing was scheduled for 11:00 a.m., March 15, 1974, at a local Savings and Loan Institution. Wheeler refused to receive delivery on the letter, and on April 23, 1974, filed a complaint in the Superior Court of Rockdale County asking that the option agreement between himself and the optionee be declared a nullity and stricken from the records in that it constituted an improper cloud upon his title to the subject property. He alleged in his complaint that the purported option agreement was of no legal force and effect due to the "failure of the Defendant-Optionee to deliver the One Dollar recited as the sole consideration of the option agreement."

The defendant filed his answer to the complaint and a motion to strike two paragraphs of said petition. After the defendant filed his answer and motion to strike, plaintiff filed a motion for judgment on the pleadings pursuant to Code Ann. § 81A-112 (c).

On July 15, 1974, the trial judge entered an order denying defendant's motion to strike and granting plaintiff's motion for judgment on the pleadings. The trial judge reasoned that since the one dollar consideration recited in the option agreement had not been paid prior to Wheeler's attempted revocation, the option agreement was a nullity and should be stricken from the county records.

The defendant-appellant contends in his enumeration of errors that the trial court erred in granting a motion for judgment on the pleadings in that there

were material issues of fact to be determined. *Held:*
The plaintiff-appellee contended in the trial court and now contends on appeal that the option contract was unilateral in nature and since the optionor withdrew his offer prior to the tender and payment of the one dollar recited as consideration for the option agreement, the option is a nullity and has no legal force and effect. We do not agree with this contention and reverse the decision of the trial court.

The majority of cases from other jurisdictions hold that the offeror may prove that the consideration had not been paid and that no other consideration had taken its place. Bard v. Kent, 19 Cal. 2d 449 (122 P2d 8, 139 ALR 1032); Calamari & Perillo, Law of Contracts, § 58 (1970). However, the minority rule, and what we consider to be the best view, is that even if it is shown that the dollar was not paid it does not void the contract. We have held many times that the recital of the one dollar consideration gives rise to an implied promise to pay which can be enforced by the other party. *Jones v. Smith,* 206 Ga. 162 (56 SE2d 462); *Southern Bell Tel. & Tel. Co. v. Harris,* 117 Ga. 1001 (2) (44 SE 885); *Nathans v. Arkwright,* 66 Ga. 179, 180; *Blount v. Lynch,* 24 Ga. App. 217 (100 SE 644).

It was therefore error for the trial court to grant appellee's motion for judgment on the pleadings on the theory that there was a failure of consideration. There are material issues of fact concerning appellant's compliance with other terms of the option agreement, and the rights and obligations evolving therefrom.

*Judgment reversed. All the Justices concur, except Ingram, J., who concurs specially.*

SUBMITTED OCTOBER 11, 1974 — DECIDED NOVEMBER 5, 1974.

*Carl J. Stimmel,* for appellant.
*Vaughn, Barksdale & Nation, Sidney L. Nation,* for appellee.

INGRAM, Justice, concurring specially.
I concur in the judgment of the court in this case

because the record reveals that both parties signed the option. This shows assent by both parties to the terms of the option and created an obligation on the part of the optionee to pay the consideration recited in the option which was acknowledged by the parties. In my view, this case is controlled by *Blount v. Lynch,* 24 Ga. App. 217 (100 SE 644), holding that: "An option contract for the sale of land is not subject to attack because of inadequacy of the consideration named in it; nor is it necessarily rendered unenforceable by failure to pay the consideration named."

The option consideration involved in *Blount* was $1 and the option agreement was signed and sealed by both parties. As these same circumstances appear in the present case, I consider the ruling in the first division of *Blount* to be decisive here.

However, if the option agreement had not been signed by the optionee and he failed to pay the recited consideration for the option, I believe a good argument can be made that the optionor could lawfully withdraw the option before it was assented to by the optionee. The rules governing other contracts apply to an option and before it can be regarded as a contract there must be an agreement on its terms and conditions. See *Jones v. Vereen,* 52 Ga. App. 157, 158 (182 SE 627). "Where a consideration is paid for the option, however, the party making the offer cannot lawfully withdraw it. If the offer is in writing, for a valuable consideration, and time is given within which it shall stand open for acceptance, such option, during the time specified, is irrevocable." *Black v. Maddox,* 104 Ga. 157, 162 (30 SE 723).

There was consideration contracted to be paid in the present case since the optionee assented to the terms of the option by signing it. Therefore, I concur in the court's opinion and judgment in this case.

See *Morris v. Johnson,* 219 Ga. 81, 85 (132 SE2d 45), dealing with a failure to pay the recited consideration in a deed, where this court held that, "[T]he mere fact that such [consideration] was not actually paid does not render void the conveyance but creates a liability upon the purchaser which may be enforced in an action at law." This has long been the rule in Georgia with respect

to real estate instruments as noted in *Morris,* supra. Therefore, under the salutary doctrine of stare decisis, I agree the rationale of this rule should be applied to the option involved under the facts of this case.