HART *et al. v.* MANSON, ordinary, for use, *et al.*

CANDLER, J.  1. The petition as amended was good as against any ·of the grounds of the demurrer filed to it; and the court did not err in overruling the exceptions to the report of the auditor so holding.

2. There was no error in admitting the evidence which was the subject-matter of the second exception of law to the auditor's report.  In the light of all the evidence, the relation of the attorney whose conduct was in question to the entiré transaction was such as to render admissible in evidence all that he said and did in regard thereto.

3. A judgment which is void for any cause is a mere nullity, and may be so held in any court when it becomes material to the interests of the parties to consider it.  Civil Code, § 5369.

4. While the judgment of a court of competent jurisdiction is conclusive between parties and privies as to the issue which it decides, it is not so as to third persons.  There was ample evidence to warrant the auditor in finding in favor of the charge of fraud and collusion between the parties to the judgment attacked.

5. The exceptions to the auditor's report, both of law and fact, were submitted to the judge to be passed on in vacation without the aid of a jury.  While some of these exceptions are called by counsel exceptions of fact, and others exceptions of law, in reality all of them, except those which have been passed on in the preceding notes, involve findings of fact.  The trial judge has patiently gone through a great mass of evidence, which has been, in the main, reduced to narrative form, but to brief which apparently no effort has been made ; and he has reached conclusions in which we, after like laborious efforts, find no error of which the plaintiffs in error can justly complain.

*Judgment affirmed.   All the Justices concur.*

Argued March 12, — Decided March 30,· 1904.

Exceptions to auditor's report.  Before Judge Reagan.  Clayton superior court.  April 13, 1903.

*Joseph W. & John D. Humphries, W. M. Wright,* and *C. T. Roan,* for plaintiffs in error.

*J. F. Golightly* and *W. L. Watterson,* contra.