## BIGGERS *v.* RHODES.

HILL, J. A. G. Rhodes filed an equitable petition against Mrs. Lillie Biggers as administratrix of the estate of Willis R. Biggers, Mrs. Lillie Biggers individually, S. T. Biggers, and W. R. Biggers, to establish a lost deed. The suit was filed February 9, 1915, returnable to the May term, 1915, of the superior court. On May 21, 1915, the defendants filed

their answer, denying that the plaintiff was entitled to establish a copy of the deed attached to his petition, and averring that Willis R. Biggers, deceased, during his lifetime never made to the plaintiff a deed to the property in question, and never sold the property before his death. Thereafter, on May 28, 1918, the defendants filed an amendment to their answer, by way of cross-petition against plaintiff, in the nature of an ejectment suit to recover the property described in the lost deed, and for mesne profits. The amendment was allowed, subject to objection. On October 17, 1923, the case being called for trial, plaintiff's counsel filed a written demurrer, or motion to strike so much of the answer of the defendants as was set up in the amendment undertaking to set up a claim in ejectment against the plaintiff, upon the grounds that the amended answer introduced into the original proceedings an entirely new and distinct cause of action. Upon hearing the motion the court passed an order sustaining the plaintiff's motion, and struck so much of defendants' amended answer as set up a claim in ejectment to the land. To this order of the court the defendants filed their exceptions pendente lite, alleging that the court erred in sustaining the motion and striking the amended answer of the defendants. Subsequently, on October 17, 1923, the plaintiff voluntarily made a motion to dismiss his original petition, which was allowed by the court. It does not appear that the defendant was present objecting to the dismissal of the plaintiff's petition. The defendants excepted to the order of the court striking the amended answer and permitting the plaintiff to voluntarily dismiss his cause of action. *Held:*

1. The court erred in striking the amendment to the defendants' answer, upon demurrer. The plaintiff by appropriate petition sought to have established a deed which he claims the ancestor of the defendants executed, conveying to him the property in dispute. The heirs denied that their ancestor had executed the deed as claimed by the petitioner. The issue made by the petition and the answer thereto by the heirs, while it did not directly involve the question of title, did relate to that subject, and the stricken amendment was not foreign thereto, but was germane. The original answer and the amendment together formed a consistent whole, insisting that the deed which the plaintiff sought to have established had not been executed, and that title to the land described in the deed was in the defendants. Thus the question of title was brought into the case by appropriate pleadings. When the question of title or no title in the plaintiff was made, the parties were entitled to a judgment that would settle the entire case. In the event the defendants established by evidence that their ancestor had never executed a deed to the land to the petitioner, then as heirs of the ancestor they were entitled to a decree declaring the title to be in them, and that they should recover the land. This was what the amendment sought, and it should not have been stricken.

2. The assignments of error here are upon the final judgment, and upon the judgment dismissing the amendment to the defendant's answer. The erroneous ruling in dismissing the amendment affected also the judgment dismissing the entire case upon the plaintiff's motion. Consequently, as it was error to strike the defendants' answer, the judgment

allowing the plaintiff to dismiss his action was vitiated by this error, and must also be reversed.

*Judgment reversed. All the Justices concur.*

No. 4017. JUNE 13, 1924.

Petition; equitable cross-bill. Before Judge E. D. Thomas. Fulton superior court. September 17, 1923.

*T. J. Lewis* and *T. L. Slappey,* for plaintiffs in error.

*Dorsey, Brewster, Howell & Heyman* and *W. P. Bloodworth,* contra.