McDONALD *v.* WIMPY.

618

No. 16428.   November 18, 1948.   Rehearing denied November 30, 1948.

*Wier S. Gaillard,* for plaintiff.

*Wheeler, Robinson & Thurmond* and *Kenyon, Kenyon & Gunter,* for defendant.

GROVES, Justice. (After stating the foregoing facts.) ■ In the exceptions pendente lite sued out by the plaintiff, error is assigned on the judgment making the judgment of the Supreme Court of March 11, 1948 (203 *Ga.* 498), the judgment of the trial court, because in such order "judgment is hereby rendered in favor of Ernest F. Wimpy and against J. C. McDonald for the use of officers of the court for the sum of $............ as the costs incurred by the motion for new trial filed by Ernest F. Wimpy and taking the case to the" Supreme court; whereas counsel alleges such costs had been paid at that time. As no amount is stated in this judgment, and as it would be a contempt of court on the part of the clerk of the court to fill in any amount, if in

fact none is due for cost, it does not appear that the plaintiff was harmed by such provision of the order. See Code, § 24-2721.

■ The court erred in allowing the amendment to the plea and answer, over timely objection of the plaintiff "that there is no identity of parties nor causes in the two actions." This, for the reason that the plaintiff, J. C. McDonald, according to the amendment, was neither a party nor in privity with any party to the proceeding pleaded as res judicata against any right or title of the plaintiff to the land here involved. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. It is not contended by counsel for the defendant in error that J. C. McDonald was named as a party in the former proceeding.

"While the judgment of a court of competent jurisdiction is conclusive between parties and privies as to the issue which it decides, it is not so as to third persons." *Hart* v. *Manson,* 119 *Ga.* 865 (47 S. E. 345). "The plaintiffs in this action to recover land were not parties to former judicial proceedings hereinafter reported, and were not bound by the judgments therein on which the defendant based his claim of title." *Bacon* v. *Allen,* 169 *Ga.* 766 (151 S. E. 369). "An adjudication of the same subject-matter in issue in a former suit between the same parties, by a court of competent jurisdiction, is an end of litigation. The defendants are not estopped by a former judgment, as the parties to the present case are not the same as in the former suit." *Buie* v. *Buie,* 175 *Ga.* 27 (3) (165 S. E. 15). "Former judgment was not binding on persons who were not parties to previous suit." *Stanley* v. *Laurens County Board of Education,* 188 *Ga.* 581 (2) (4 S. E. 2d, 164). Serving a copy of a petition and process upon one not named as a party therein would not make the one so served a party to the case.

The allowance of this amendment can not be said to have been harmless to the plaintiff in this case, as was ruled with reference to improper rulings on pleadings in *Hudgins Contracting Co.* v. *Redmond,* 178 *Ga.* 317 (4) (173 S. E. 135), *Harris* v. *Neuman,* 183 *Ga.* 398 (3) (188 S. E. 689), *Duncan* v. *Proctor,* 195 *Ga.*

499 (1) (24 S. E. 2d, 791), and other cases which might be cited. The record in the case here pleaded was introduced in evidence, showing rendition of the judgment decreeing that the plaintiff had no title to the land claimed. Also, the trial judge, after stating the contentions of the defendant with reference to such proceeding and judgment, charged the jury: "In this connection you are instructed that a judgment of a court of competent jurisdiction is binding upon all parties to the proceeding and their privies, that [is] parties holding or claiming under them, or in privity with them. The plaintiff in this case can not attack the validity of that judgment in this proceeding or go behind it by alleging or claiming that he was not served with a copy of the petition or process. If he wanted to attack the validity of that judgment, the remedy would have been to have filed a direct proceeding in this court, making the plaintiff in that proceeding parties, and if he claimed that the entry made by the sheriff was false, also the sheriff a party, and then the court would have been bound to inquire into the validity of that judgment and could have made an adjudication about it. But in this case that verdict and judgment must be considered by you as binding and as of full force and effect until it has been reversed, vacated, or set aside in some legal way." The evidence in the case other than that introduced in support of the plea set up in the amendment was in conflict. The trial now under review was the third one in the court below. The court had directed a verdict on the first trial, the jury had found in favor of the plaintiff on the second, and in favor of the defendant on the third. The evidence as to the character of the plaintiff's possession of the land involved was substantially the same on all the trials. The record in the case pleaded in the amendment and the instruction of the judge given as a result could well have determined the verdict returned in favor of the defendant. An error in overruling a demurrer to a pleading is prima facie harmful. Such error is not cured and rendered harmless unless it appears with reasonable certainty that no injury has resulted to the complaining party. *Wrightsville & Tennille R. Co.* v. *Vaughan,* 9 *Ga. App.* 371 (5) (71 S. E. 691). See also *Biggers v. Biggers,* 158 *Ga.* 472 (123 S. E. 604) ; *Durrence* v. *Cowart,* 160 *Ga.* 671 (4) (129 S. E. 26) ; *Berry* v. *Brunson,* 166 *Ga.* 523 (2), 529 (143 S. E. 761) ; *Guardian Life*

*Insurance Co.* v. *Laird,* 181 *Ga.* 416 (2) (182 S. E. 617); *Davis* v. *Aultman,* 199 *Ga.* 129 (5) (33 S. E. 2d, 317); *Saliba* v. *Saliba,* 201 *Ga.* 577 (3) (40 S. E. 2d, 511). In *Davis* v. *Aultman,* supra, it was ruled: "5. The demurrer to those portions of the caveatrix's amendment No. 1, which related to representations, devices, and conduct on the part of the testator's wife, and to the fraudulent practices of his wife, and her fraudulent scheme and purpose, should have been sustained, the demurrers pointing out that conclusions only were stated, with no allegation of any accompanying fact to support such conclusions. (a) The error in refusing to strike such parts of the amendment was not rendered harmless by anything that developed later during the trial."

■ The first special ground of the motion for a new trial, numbered 4, assigns error on the following excerpt from the charge of the judge: "You are instructed that under the law of the State of Georgia as it existed in 1931, J. C. McDonald had no right to take possession of the property until after twelve months from the date of his deed, and if he took possession within that period, his taking of such possession was contrary to law, and every person, including Mr. McDonald at that time, was presumed to know the law. So, if you find that he entered and took possession of this property within twelve months from the date of his deed and not in good faith, then he can not claim a prescriptive title under the facts of this case, and if you find that to be true, you would return a verdict for the defendant."

The assignments of error were: (a) The charge was not sound as an abstract principle of law. (b) The period of limitation for the redemption of property sold under tax executions is twelve months from the payment of the purchase-price, irrespective of when the deed is made or dated. (c) Such charge conflicts with the presumption that entry accompanied by color of title is in good faith. (d) Whether or not such charge is abstractly correct, it conflicts with the law of this case, which has become settled by the decision in *McDonald* v. *Wimpy,* 202 *Ga.* 8. (e) It was harmful to the plaintiff, because it was calculated to lead the jury to think it would be conclusively presumed that the plaintiff's entry of possession was, as a matter of law, in bad faith, and that under such entry he had not and could not prescribe the title nor prevail in the case, under color of his tax deed,

because his entry was within twelve months of the date of the deed. This portion of the charge further harmed the plaintiff by relieving the defendant of the burden of proof with reference to this matter, that is, the burden of overcoming the presumption that the plaintiff's entry was in good faith.

When considered with other portions of the charge, the assignments of error in this ground of the motion are without merit.

On the subject of title by prescription under color of title, the judge had already charged the jury: "Now, I charge you that a purchaser of land at a tax sale is not entitled to be placed in possession of the land until after the time for redemption has expired. I charge you that at the time of this alleged conveyance that the defendant in fi. fa. had a period of twelve months from the date of the conveyance in which to redeem the property. I charge you that a purchaser at a tax sale, under a sale for the purpose of collection of taxes, under a tax fi. fa., that the purchaser at such a sale would not be entitled to be placed in possession of that property until after the period of redemption, that is, twelve months, had expired. I charge you that possession before that time would not be in conformity with the law and would not be as a matter of right on the part of the purchaser. Now, I charge you further, gentlemen of the jury, that if you believe under the evidence in said case and under the rules of law the court has given you in charge, that the plaintiff in this case, Mr. McDonald, bought this property at a tax sale, and received from the sheriff of this county a deed therefor, I charge you that that tax deed would constitute a sufficient color of title. Also, I charge you that if you should find from the evidence in this case, and under the rules of law the court has given you in charge, that that possession was adverse, notorious, and peaceable, and in conformity with the necessary possession as defined to you here, that he remained in possession for as long as seven years, I charge you that that would ripen into title for Mr. McDonald, the plaintiff, and he would be entitled to prevail in the case. . . Now should you find from the evidence in this case that the plaintiff, Mr. McDonald, although the purchaser at a tax sale, that he went into possession prior to the expiration of the redemption period, that is, twelve months after the sale, then it would be a question for you to determine whether or not that possession

originated in fraud, or whether it was in good faith; as to whether or not his entering into possession at that time constituted such possession as its continuance would eventually ripen into an adequate title by prescription under color of title for a period of seven years. . . The plaintiff in this case claims title to the property in controversy under a deed from the sheriff of this county dated April 7, 1931, and in this connection you are instructed that as a conveyance of title, under the facts in this case as disclosed by the evidence, that deed is void, and it did not convey to the plaintiff any title to the property in dispute. You can only consider that deed as color of title, and before the plaintiff would be entitled to [recover in] this case, it must be made to appear that after receiving that deed the plaintiff went into possession of some portion of the property described in it under a bona fide claim of right and that he continued in possession consecutively for a period of seven years or longer. If this was done, the deed would operate as color of title and title could be ripened under it by seven years continuous, unbroken, and uninterrupted possession." Thereafter the charge was given on which error is assigned, to wit: "You are instructed that, under the law of the State of Georgia as it existed in 1931, J. C. McDonald had no right to take possession of the property until after twelve months from the date of his deed, and if he took possession within that period, his taking of possession was contrary to law, and every person, including Mr. McDonald, was presumed to know the law. So if you find that he entered and took possession of this property within twelve months from the date of his deed and not in good faith, then he can not claim a prescriptive title under the facts of this case, and if you find that to be true, then you would return a verdict for the defendant."

This ground of the motion is controlled adversely to the plaintiff's contentions by the rule stated in *Brown* v. *Matthews*, 79 *Ga.* 1 (1) (4 S. E. 13), that, "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united." "It is well established in this State that the charge to the jury must be taken as a whole and each part thereof considered in connection with every other

part of such charge." *Aycock* v. *State*, 188 *Ga.* 550, 560 (4 S. E. 2d, 221). Thus considered, the excerpt on which error is assigned does not conflict with the law of the case as held in *McDonald* v. *Wimpy*, 202 *Ga.* 8 (supra). Nor is it subject to other criticisms made in this ground of the motion.

It is not deemed necessary to rule on the remaining three grounds of the amendment to the motion for a new trial. The first of these remaining grounds assigns error on the charge of the court as to the effect of the proceeding pleaded in the amendment, and the second complains of the admission, over objection, of documentary evidence relating to such former proceeding. Under what is ruled in division 2 of this opinion, the questions made by the assignments of error in these two grounds are not likely to arise on another trial. The third remaining ground complains because the trial judge, "in selecting jury panels . . overlooked inquiring as to whether any of the members were related in any way to plaintiff or defendant. He omitted to make such inquiry as to the immediate lessors of the parties."

Because of the court's error in the ruling dealt with in division 2, the judgment overruling the motion for a new trial must be reversed. *Judgment reversed. All the Justices concur.*