## 27834. ANSLEY et al. v. ATLANTA SUBURBIA ESTATES, LTD.

JORDAN, Justice. The plaintiff corporation, Atlanta Suburbia Estates, sought specific performance of a written contract to buy land. The defendants, who are sellers or successors in interest, moved for summary judgment, and appeal the order of the trial judge overruling their motion, which he certified for direct appeal. *Held:*

The contract is one in which the buyer among other considerations agreed to (1) assume an outstanding loan of $500,000 from the Federal Land Bank of Columbia, S. C., (2) to purchase $25,000 of Federal Land Bank stock from the sellers, and (3) that the "Sellers shall be relieved of liability from the existing Federal Land Bank note secured by the subject property." The defendants contend that the evidence shows that the plaintiff never complied with any of these conditions.

Pretermitting consideration of the first two conditions, we are of the opinion that the defendants are entitled to summary judgment upon consideration of the meaning and effect of the third condition, i.e., release of the sellers from liability on the note to the Federal Land Bank, and the evidence in respect to compliance with this condition. As we view this provision of the contract, it is obviously for the benefit of the sellers, and imposes an obligation on the buyer to provide the sellers with a release from personal liability on the note as a condition precedent, which, unless and until met, operates to relieve the sellers and their successors from any obligation to convey their interest in the land to the buyer. Code § 20-110; *Stribling v. Ailion,* 223 Ga. 662 (157 SE2d 427).

While the evidence may create an issue of fact as to whether a release could have been obtained, or

whether it still may be obtained, through cooperation of the sellers and the buyer in submitting a proper application to the holder of the note, this is not the controlling issue. Instead, what controls is whether in fact a release has been obtained, absent some basis for excusing the plaintiff in this respect. The evidence is without dispute that at the agreed time of closing, June 8, 1972, there was no release, and that none has since been obtained.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 10, 1973 — DECIDED MAY 24, 1973.

*Claude E. Hambrick,* for appellants.
*Capes & Tarver, P. Russell Tarver,* for appellee.