### 51430. SUBURBAN REALTY, INC. v. BUSBIN.

WEBB, Judge.

1. The initial question in this case is whether the plaintiff realty company's right to a commission is dependent upon merely securing a purchaser ready, willing, and able to purchase (Code § 4-213; *Wehunt v. Babb,* 84 Ga. App. 536 (66 SE2d 405)), or upon the actual consummation of the contract for the sale of the realty. It is undisputed that the contract of sale was held in a prior proceeding to be void because of insufficient description — hence if the right to commission is dependent upon the consummation of the sale, the realty company has no right of recovery (*Ragsdale v. Smith,* 110 Ga. App. 485 (138 SE2d 916)), unless, as discussed in Division 2, the consummation was prevented by the seller.

The listing contract here provides that "Owner [seller] agrees to pay Broker as compensation for services a fee of ten percent of the selling price, if: 1. Broker procures a purchaser during the term hereof on the terms specified herein or on any other terms acceptable to

Owner." Compare the language of Code § 4-213: "The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner."

Regardless of the above language, however, the sales contract entered into by the seller, buyer, and realty company supersedes the listing contract and provides that "The gross figure of $700.00 per acre reflects a (10%) ten percent commission to be paid by the seller but it is agreed that the purchaser will deduct the commission from the purchase price and he will pay Suburban Realty's commission." We agree with the trial court that this language contemplates an actual sale of the realty before the right to commission arises, and this case accordingly falls within the ruling made in *Ragsdale,* supra, rather than that in *Wehunt,* supra.

2. Even though a right to commission may be dependent upon the actual consummation of the sale, recovery is allowed where the consummation is prevented by the refusal or interference of the seller. *Roberts v. Prater & Forrester,* 29 Ga. App. 245 (1) (114 SE 645) and cases cited; *Rowland & Rowland v. Kraft,* 31 Ga. App. 593 (121 SE 526); *Broyles v. Haas,* 51 Ga. App. 374, 378 (2) (180 SE 517) and cases cited. Since this issue has not been eliminated from the case, the trial court erred in dismissing the complaint and granting judgment for the defendant seller.

*Judgment reversed. Bell, C. J., and Marshall, J., concur.*

ARGUED NOVEMBER 3, 1975 — DECIDED NOVEMBER 14, 1975 — REHEARING DENIED DECEMBER 3, 1975 —

*Gregory M. Perry,* for appellant.
*Grady C. Pittard, Jr., Rupert A. Brown, George B. Brooks,* for appellee.