## 51696. ALCOVY REALTY COMPANY v. STONE MOUNTAIN ABSTRACT COMPANY et al.

WEBB, Judge.

Alcovy·Realty Company brought suit on a real estate sales contract seeking recovery of broker's commission from the sellers. The agreement as to commission provided: "Sellers agree to pay real estate brokerage commission in the total amount of $100,000.00, divided equally between Alcovy Realty Company and Wiley S. Ansley Company, payable in the following manner:

(a) $50,000.00 to be paid *at time of closing*.

(b) The *remaining* $50,000.00 due shall be payable in three annual notes, the first two in the principal amount of $16,666.00 and the third in the amount of $16,668.00.

(c) Said notes shall be due and payable to brokers annually *at the time sellers are paid the notes due from purchaser*." (Emphasis supplied.)

It is thus apparent that the plaintiff broker's right to a commission is dependent upon the actual consummation of the contract of sale, which has never occurred. However, "Even though a right to commission may be dependent upon the actual consummation of the sale, recovery is allowed where the consummation is prevented by the refusal or interference of the seller. [Cits.]" *Suburban Realty, Inc. v. Busbin*, 136 Ga. App. 850, 851. Since defendant sellers have not carried their burden of eliminating this issue from the case, the grant of summary judgment to them must be reversed. *Suburban Realty*, supra. While it was held in prior litigation over this contract that the buyer was not entitled to specific performance because it had failed to perform a condition precedent (*Ansley v. Atlanta Suburbia Estates*, 230 Ga. 630 (198 SE2d 319)), thus lending support to the view that consummation was not prevented by the wrongful refusal or interference of the sellers, plaintiff broker was not a party nor privy to the parties in that action and is not bound by that judgment. Code § 110-501; *Hart v. Manson*, 119 Ga. 865 (4) (47 SE 345).

*Judgment reversed. Deen, P. J., and Quillian, J., concur.*

ARGUED JANUARY 15, 1976 — DECIDED FEBRUARY 13, 1976.

*Campbell & Bouchillon, Jerry D. Bouchillon,* for appellant.

*Claude E. Hambrick,* for appellees.