## 53485. STONE MOUNTAIN ABSTRACT COMPANY et al. v. ALCOVY REALTY COMPANY.

MARSHALL, Judge.

"Alcovy Realty Company brought suit on a real estate sales contract seeking recovery of broker's commission from the sellers. The agreement as to commission provided: 'Sellers agree to pay real estate brokerage commission in the total amount of $100,000.00, divided equally between Alcovy Realty Company and Wiley S. Ansley Company, payable in the following manner:

(a) $50,000.00 to be paid *at time of closing*.

(b) The *remaining* $50,000.00 due shall be payable in three annual notes, the first two in the principal amount of $16,666.00 and the third in the amount of $16,668.00.

(c) Said notes shall be due and payable to brokers annually *at the time sellers are paid the notes due from purchaser.*' (Emphasis supplied.)

"It is thus apparent that the plaintiff broker's right to a commission is dependent upon the actual consummation of the contract of sale, which has never occurred. However, 'Even though a right to commission may be dependent upon the actual consummation of the sale, recovery is allowed where the consummation is prevented by the refusal or interference of the seller. [Cits.]' *Suburban Realty, Inc. v. Busbin,* 136 Ga. App. 850, 851." *Alcovy Realty Co. v. Stone Mtn. Abstract Co.,* 137 Ga. App. 597 (224 SE2d 519) (1976). The *Alcovy Realty* case, supra, reversed the grant of summary judgment to the defendant sellers on the ground that they had not carried their burden of eliminating the issue of whether consummation had been prevented by their refusal or interference.

The case was submitted to a jury in the trial court, resulting in a verdict and judgment in favor of the plaintiff broker, from which judgment the defendant sellers appeal. In their enumeration of errors, the appellants challenge the sufficiency of the evidence to support the verdict, and the judge's refusal to give a requested charge. *Held:*

1. The case of *Ansley v. Atlanta Suburbia Estates,* 230 Ga. 630 (198 SE2d 319) (1973), does not, as the appellants contend, establish that the contract in question is unenforceable between the present parties. As we pointed out in the *Alcovy Realty* case, 137 Ga. App. 597, supra, the "plaintiff broker was not a party nor privy to the parties in that action and is not bound by that judgment." Furthermore, as was also recognized in *Alcovy Realty,* the *Ansley* case buyer was not entitled to specific performance "because it had failed to perform a condition precedent," not because the contract was void and unenforceable due to a legal deficiency.

Nor does the Supreme Court's overruling of *Suburban Realty v. Busbin,* 136 Ga. App. 850 (2) (222 SE2d 627) (1975) (*Busbin v. Suburban Realty,* 236 Ga. 783 (1) (225 SE2d 316) (1976)) make the cases cited in *Suburban Realty,* 136 Ga. App. 850 (2), supra, inapplicable to the case sub judice. As the Supreme Court's opinion held, those cases "are not applicable where the contract is void and unenforceable," which is not the situation in the instant case, as we have pointed out hereinabove.

2. The verdict and judgment were authorized by the evidence.

Evidence to the following effect was adduced. Paragraph 6 of the sale contract provided, "Sellers shall be relieved of liability from the existing Federal Land Bank note secured by the subject property." Although there was apparently a misunderstanding as to which of the parties had responsibility for obtaining the Federal Land Bank release from liability, it was undisputed that the procedure for a release from liability involved mutual obligations: first, the purchaser must assume the loan, and second, the original obligors (appellant sellers) must make application for release. On the date of the first attempted closing of the sale, the sellers insisted on a *written* release from liability, which had not been obtained, but the only person who could authorize such a release was unavailable. On the following day the said person, an officer of the Federal Land Bank, wrote the buyer's president to confirm that he would release the sellers from liability on the loan "upon application by Mr.

Ansley on behalf of himself and his partners [sellers] requesting release . . ." The prospective purchaser notified the sellers of the affirmative action required on their part, and even offered to pay off the Land Bank loan or to take whatever steps were necessary to protect the sellers. When the bank official's letter was delivered to the appellant sellers' attorney by the president of the appellee company, the attorney said, "Well, it looks like you have a seller that doesn't want to sell." Even though the contract vendee filed suit for specific performance, the appellants continued to refuse to make the requisite application.

The contract did not specify a time within which it was to be performed. "In such circumstances a reasonable time will be implied, and what is a reasonable time is a matter to be determined by the jury from all the circumstances." *Whitley v. Patrick,* 226 Ga. 87 (4) (172 SE2d 692) (1970) and cit. Under the circumstances described hereinabove, we cannot hold as a matter of law that the sellers did not have a reasonable time in which to perform. There being evidence to support the plaintiff's claim, the judge did not err in denying the defendants' motion for directed verdict.

3. The appellants assert as error the refusal to give the following requested charge: "A consideration is essential to a contract which the law will enforce. The contract which the plaintiff seeks to enforce in this case provides that the purchaser deliver to Alcovy Realty Company the sum of $10,000 as earnest money, which earnest money was to be applied as a part of the purchase at time of closing. If you find from the evidence presented to you upon the trial of this case that the plaintiff failed to retain said earnest money as provided in the contract between the parties, I instruct you that the plaintiff breached its contract with the defendants and you should return a verdict for the defendants in this case."

The appellants cite us to paragraph 4 of the sale contract: "If buyer should fail to consummate this sale because of seller's inability to convey a good and marketable title to said property as hereinabove provided, sellers shall, in that event, reimburse to buyer the earnest money paid herewith; but if buyer should fail to consummate this sale for any other reason, sellers

shall, in that event retain the earnest money paid herewith as liquidated damages." They contend that the evidence showed that the earnest money was paid to the plaintiff broker, who, by then transferring it to his attorney, removed the consideration from the contract, rendering it a nudum pactum.

The trial judge properly charged as to the necessity for consideration. It is undisputed that the earnest money was paid by the contract vendee to the appellee broker; however, actual payment of the recited consideration of the contract is unnecessary, since, if not paid, it may be sued for and recovered. See Pindar, Ga. Real Estate Law, § 18-5; *Smith v. Wheeler,* 233 Ga. 166, 168 (210 SE2d 702) (1974) and cits. Moreover, the testimony, taken in context, reveals that the plaintiff broker, caught between both parties claiming entitlement to the earnest money, turned it over to his attorney with instructions that it should be paid into court, rather than pursuant to a plot to claim it adversely to the legitimate claim of either of the parties. Accordingly, the refusal to give this requested charge was not error.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 16, 1977 — DECIDED APRIL 8, 1977.

*Claude Hambrick,* for appellants.
*Campbell & Bouchillon, Jerry D. Bouchillon,* for appellee.