68349. KEHELEY v. LAWRENCE.
(323 SE2d 717)

McMURRAY, Chief Judge.

On or about April 12, 1982, Ronald Keheley was injured when shot in the left leg by one Charles Warren while on the premises of Norman Richard Lawrence, doing business as The Alibi, a tavern. Subsequent thereto, on June 21, 1982, Keheley entered into a settlement agreement with Warren, whereby Warren, in consideration of $2,500 (payable in monthly installments of $130 to Keheley), was released from "any and all claims, actions, causes of actions and damages arising from the incident of April 12, 1982." Mr. Warren made payments in accordance with the agreement until or about February 15, 1983, at which time he sent a letter to Mr. Keheley stating that he was currently unemployed; that he would be unable to meet his monthly payment obligation until his financial condition changed; and that Mr. Keheley could take legal action if he felt that it was necessary.

Approximately two months later, on April 13, 1983, Keheley sued Charles Warren and Norman Richard Lawrence d/b/a/ THE ALIBI,

to recover damages arising from his injury of April 12, 1982. In his complaint, plaintiff alleges that defendant Lawrence had been negligent in failing to provide an atmosphere of safety for his patrons and in failing to exercise ordinary care in keeping the premises safe; that as a consequence of the negligence of the defendants (Warren and Lawrence), plaintiff had been permanently disabled and had incurred and would, in all likelihood, continue to incur substantial medical expenses; and that defendant Warren had defaulted under the terms of the release and that said release was void for failure of consideration.

Defendant Warren did not file an answer to plaintiff's complaint; defendant Lawrence did. In his answer, defendant Lawrence denied the material allegations of plaintiff's complaint and, further, contended that he had been discharged from any liability arising from the April 12, 1982, incident due to the plaintiff having released defendant Warren (his alleged joint tortfeasor) from "any and all claims, actions, causes of action and damages arising from the incident of April 12, 1982." Based on this contention, defendant Lawrence moved for and was granted summary judgment. It is from this ruling that plaintiff appeals. *Held*:

Plaintiff contends that the trial court erred in granting summary judgment in favor of defendant Lawrence, arguing that the "SETTLEMENT AGREEMENT AND RELEASE" had been mutually rescinded by the parties as a result of defendant Warren's failure to answer plaintiff's complaint; that defendant Lawrence was not a party to the "SETTLEMENT AGREEMENT AND RELEASE"; and that the "SETTLEMENT AGREEMENT AND RELEASE" never became binding due to a condition precedent (i.e., payment in full of the consideration ($2,500)) that had not been met. Plaintiff's contention, for the following reasons, is without merit.

First, " 'an admission predicated upon a default [e.g., here, defendant Warren's failure to answer plaintiff's complaint] is operative against the particular party who makes default, and does not bind a co-defendant [i.e., defendant Lawrence] who appears and contests the litigation.' [Cit.]" *Peek v. Sou. Guaranty Ins. Co.*, 240 Ga. 498, 499 (1) (241 SE2d 210). Second, it is a well settled rule in Georgia that " 'a release executed in favor of one joint tortfeasor, in full settlement of damages, acts as a release in favor of all other joint tortfeasors.' [Cits.]" *Zimmerman's, Inc. v. McDonough Constr. Co.*, 240 Ga. 317, 319 (1) (240 SE2d 864). This rule is particularly applicable to the case sub judice as the plaintiff, in his complaint, alleged that "[a]s a consequence of the negligence of the *Defendants* [Warren and Lawrence], Plaintiff has been permanently disabled [and that] [a]s a consequence of *Defendants'* negligence, Plaintiff has incurred substantial medical expenses and will in all probability incur additional expenses. (Emphasis supplied.) Third, a review of the "SETTLEMENT AGREE-

MENT AND RELEASE" discloses that although the consideration called for (i.e., $2,500) was to be paid in installments, the release itself was not conditioned upon such payment. In fact, several Georgia cases have held that even if it is shown that the recited consideration was not paid, it does not void the contract; the recital of the consideration merely gives rise to an implied promise to pay, which can be enforced by the other party. See *Smith v. Wheeler*, 233 Ga. 166, 168 (210 SE2d 702); *Jones v. Smith*, 206 Ga. 162, 163 (2) (56 SE2d 462); *Southern Bell Telephone &c. Co. v. Harris*, 117 Ga. 1001 (2) (44 SE 885). This same principle was extended to a release contract in *Kelley v. Gen. Motors Acceptance Corp.*, 145 Ga. App. 739, 740 (2 (A)) (244 SE2d 911).

Accordingly, the trial court did not err in granting summary judgment in favor of defendant Lawrence.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 7, 1984.

*Curtis R. Richardson, Warren W. Hoffman*, for appellant.
*John F. Davis, Jr.*, for appellee.