**FIFTH DIVISION**
**MCFADDEN, P. J.**
**BROWN AND MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 28, 2024**

# In the Court of Appeals of Georgia

A23A1586. EDWARDS et al. v. DIXON et al.

McFADDEN, Presiding Judge.

At issue is the enforceabilty of an option agreement entered as part of a real estate transaction. Reversing the trial court, we hold that the option is enforceable.

Christopher Edwards and Edrea Aldridge brought this contract and tort action against David and Sheryl Dixon in both the Dixons' individual capacities and their capacities as trustees of a trust that owned real property. Edwards and Aldridge sought specific performance of an option agreement on the property or, alternatively, damages for fraudulent inducement if the option agreement was unenforceable. The trial court granted the Dixons' motion for summary judgment on both claims and

denied Edwards' and Aldridge's motion for summary judgment on the contract claim, and Edwards and Aldridge appeal.

We hold as a matter of law that Edwards and Aldridge were entitled to prevail on their contract claim. And we hold that they are entitled to the remedy of specific performance of the option agreement. So the trial court erred in denying summary judgment to them on their contract claim and erred in granting summary judgment to the Dixons on that claim. Consequently we reverse on the contract claim.

Given this disposition, we don't need to reach the merits of the fraudulent inducement claim. So we vacate the trial court's order as to that claim without its reaching merits.

1. *Facts*

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, so that the party is entitled to judgment as a matter of law. When a plaintiff moves for summary judgment, he has the burden of establishing the absence or non-existence of any defense raised by the defendant. When a defendant moves for summary judgment, he has the burden of either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims. We review a grant or denial of summary judgment de novo

and construe the evidence in the light most favorable to the nonmovant. Because this opinion addresses cross-motions for summary judgment, we will construe the facts in favor of the nonmoving party as appropriate.

*905 Bernina Avenue Coop. v. Smith/Burns*, 342 Ga. App. 358, 361 (1) (802 SE2d 373) (2017) (citations and punctuation omitted).

So viewed, the evidence showed that the property at issue was owned by the David and Sheryl Dixon Revocable Living Trust, of which the Dixons were trustees. (For convenience, in this opinion we refer to the Dixons, rather than the trust, as the property's owners.) The Dixons also resided in that property. It is located on Shinbone Ridge Road and referred to by the parties as "Shinbone."

A larger, adjacent piece of property was owned by Glenn Family, LLC, of which Sheryl Dixon served as chief manager. It is located on Glenn Acres Drive and referred to by the parties as "Glenn Acres."

After Glenn Family, LLC listed the Glenn Acres property for sale, Edwards and Aldridge offered to purchase both the Glenn Acres property and the Shinbone property and to allow the Dixons to continue occupying the Shinbone property for 24 months. Edwards and Aldridge were not interested in purchasing the Glenn Acres property without the Shinbone property.

Ultimately, in August 2020 the parties executed the following written agreements: (1) a purchase and sale agreement for the Glenn Acres property; (2) an option agreement for the Shinbone property; and (3) a purchase and sale agreement for the Shinbone property. Both the option agreement and the Shinbone purchase and sale agreement stated that they were "[s]ubject to the simultaneous execution of Purchase & Sale Agreement on [the Glenn Acres property]." The Shinbone purchase and sale agreement also stated that it would "become binding upon the parties only when the Buyer exercises the Buyer's option to purchase under the Option Agreement entered into by the parties simultaneously with the execution of the [Shinbone] Purchase & Sale Agreement." And the option agreement expressly incorporated by reference the terms and conditions of the Shinbone purchase and sale agreement.

Edwards' and Aldridge's purchase of the Glenn Acres property closed on December 9, 2020, and on September 9, 2021, they timely exercised the option to purchase the Shinbone property. But on September 24, the Dixons informed Edwards and Aldridge that they would "not proceed with the proposed sale" of the Shinbone property because they considered the option agreement to be unenforceable for lack of consideration.

The option agreement signed by the parties contained several provisions regarding consideration. It stated that the Dixons granted Edwards and Aldridge the option to purchase the property "FOR AND IN CONSIDERATION of the sum of One Thousand U. S. Dollars ($1,000) (the 'Option Consideration'), and other good and valuable consideration in hand paid to Seller, the receipt and sufficiency whereof are hereby acknowledged by Seller[.]" The option agreement also stated that "[t]he Option Consideration shall be paid by Buyer to Seller in cash contemporaneously with the execution of this Agreement." Finally, it stated that "[u]pon closing of the sale and purchase of [the Shinbone] Property pursuant to the Purchase and Sale Agreement, the Option Consideration shall be credited against the purchase price of Property."

It is undisputed that Edwards and Aldridge did not actually pay the Dixons $1,000 when the parties executed the option agreement. For this reason, the trial court held that the option agreement was void, and it granted summary judgment to the Dixons and denied summary judgment to Edwards and Aldridge on their claim for specific performance of the option agreement. The trial court also granted the Dixons

5

summary judgment on Edwards' and Aldridge's alternative claim for fraud in the inducement.

2. *Claim for breach of the option agreement*

Edwards and Aldridge argue that the trial court erred in denying their motion for summary judgment on their breach of contract claim. We agree.

An option is a "contract by which the owner of property agrees with another person that he shall have the right to buy the described property at a fixed price within a certain time specified." *Chatham Amusement Co. v. Perry*, 216 Ga. 445, 446 (1) (117 SE2d 320) (1960). Accord *Tachdjian v. Phillips*, 256 Ga. App. 166, 169 (568 SE2d 64) (2002). "An option requires: (1) an agreement conferring a right to buy, (2) certain described property, (3) within a fixed period of time, and (4) at a stated price." *Tachdjian*, supra.

The option agreement in this case satisfied these requirements. It gave Edwards and Aldridge "an exclusive and irrevocable option . . . to purchase . . . certain real property," required the Dixons to convey the property to Edwards and Aldridge upon a timely exercise of the option, described the Shinbone property, set a fixed time in

which the option could be exercised, and incorporated by reference the Shinbone purchase and sale agreement which stated a purchase price.

The Dixons assert, and the trial court held, that the option agreement was void for lack of consideration because Edwards and Aldridge did not actually pay the $1,000 consideration set forth in that agreement. An option to purchase must be supported by consideration and a "total failure of consideration renders [an a]greement null and void." *Estate of Ryan v. Shuman*, 288 Ga. App. 868, 872 (1) (655 SE2d 644) (2007) (citation and punctuation omitted).

But there was not a total failure of consideration here. Georgia courts have long recognized a rule that when a contract recites a dollar amount as consideration, it creates an obligation to pay that is itself sufficient consideration for the contract, whether or not the amount is actually paid. See, e. g., *Smith v. Wheeler*, 233 Ga. 166, 168 (210 SE2d 702) (1974); *Jones v. Smith*, 206 Ga. 162, 163 (1) (56 SE2d 462) (1949); *Southern Bell Tel. & Tel. Co. v. Harris*, 117 Ga. 1001, 1003-1004 (44 SE 885) (1903); *Keheley v. Lawrence*, 172 Ga. App. 533, 535 (323 SE2d 717) (1984); *Stone Mountain Abstract Co. v. Alcovy Realty Co.*, 141 Ga. App. 875, 878 (3) (234 SE2d 705) (1977). Under this rule, the option agreement's recital of $1,000 as consideration constituted

7

an implied promise by Edwards and Aldridge. It imposed upon them an enforceable obligation to pay that amount to the trust which was sufficient consideration for the agreement, even though Edwards and Aldridge did not actually pay the trust the stated consideration when they executed the agreement.

The Dixons argue that we should not follow this rule because many of the cases invoking it involve what the Dixons describe as nominal "recited consideration" of one dollar, rather than "valuable consideration." But the Dixons cite no authority supporting such a distinction, and we know of none. To the contrary, Georgia courts have applied this rule in cases involving more than nominal consideration. See, e. g., *Harry v. Griffin*, 210 Ga. 133, 133-134 (1) (78 SE2d 37) (1953) (applying rule to deed which recited consideration of $2,750); *Keheley*, 172 Ga. App. at 535 (applying rule to settlement agreement which recited consideration of $2,500).

We are also not persuaded by the Dixons' other arguments on appeal. Contrary to their assertion, the terms of the option agreement are not vague or confusing. The Dixons' contention that Edwards and Aldridge cannot rely on consideration paid under the Shinbone purchase and sale agreement — because it was a separate agreement that did not merge with the option agreement — is not dispositive given

8

our conclusion that the recital of consideration in the option agreement was itself sufficient. And we do not reach the Dixons' argument that the option agreement cannot be enforced by specific performance, because even if we assume the argument has merit, the Dixons did not raise it in the trial court. See generally *Ga.-Pacific v. Fields*, 293 Ga. 499, 504 (2) (748 SE2d 407) (2013) ("right-for-any-reason" rule does not permit us to affirm for a reason not addressed by the trial court if the issue was not raised in the trial court).

In summary, the option agreement was enforceable as a matter of law and required the Dixons to sell the Shinbone property to Edwards and Aldridge upon their timely exercise of the option. See *Chatham Amusement Co.*, 216 Ga. at 446 (2) (exercise of option converts option contract into enforceable contract of sale). The Dixons did not comply with that requirement, but instead informed Edwards and Aldridge that they would not sell the property. Under these circumstances, Edwards and Aldridge were entitled to summary judgment on their claim for specific performance of the option agreement. See *Siarah Atlanta Highway v. New Era Ventures*, 350 Ga. App. 59, 61-63 (2) (828 SE2d 4) (2019). So we reverse those parts

of the trial court's order denying summary judgment to Edwards and Aldridge and granting summary judgment to the Dixons on the breach of contract claim.

3. *Claim for fraudulent inducement*

In their complaint, Edwards and Aldridge asserted a claim for fraudulent inducement as an alternative claim "in the event the Court determines that the Shinbone Option and Shinbone [purchase and sale] Agreement are unenforceable[.]" Because these agreements were enforceable as a matter of law, we do not reach the fraudulent inducement claim. Instead, we vacate that portion of the trial court's order granting summary judgment to the Dixons on that claim.

*Judgment reversed in part and vacated in part. Brown and Markle, JJ., concur.*