No. 35.—Jonas Rackley, plaintiff in error, *vs.* Wiley Pearce, defendant in error.

The plaintiff had two notes of the defendant, the one infected with usury and the other not. The defendant paid $1,800, out of which the usurious note was extinguished, and the balance applied to the note not thus tainted with usury, which was afterwards renewed at 16 per cent. In a suit upon the last-mentioned note, the usury paid upon the first cannot be withdrawn and applied as a credit under the plea of payment.

The general rule is, where there are distinct demands due by the debtor to the creditor, and a payment is made by the debtor, he has the right to direct its application; but if the debtor does not make a specific application of the payment at the time, then the right of application devolves on the creditor.

The excess of usury, over and above principal and legal interest, which was paid on the extinguishment of the first note, might have been pleaded as a set off in the suit upon the last; or it might be sued for and recovered in a separate action against the plaintiff.

This was an action of debt, brought by the plaintiff in error against the defendant, upon a promissory note for $1,115 76, dated the 26th of January, 1842, and due the 1st of January thereafter, made by the defendant in error, and T. & W. Sanders, and being a joint and several note; the defendant in error being principal, and T. & W. Sanders securities upon the contract upon which the note was given. To which action the pleas of usury and payment were plead. The suit was brought in the Superior Court of the county of Decatur, and in that court, at the June term, 1846, the same was tried before Judge Warren, upon the issues made by the aforesaid pleadings, when the plaintiff in error, being the plaintiff in the court below, was put upon the stand as a witness to prove the usury, (in pursuance of the act of the Legislature, passed in the year 1842,) who testified that the defendant was originally indebted to him in the sum of $2,722 37½, of which the sum of $1,522 37½ was due on the 1st day of January, 1840, and the sum of $1,200 was due on the 1st day of January, 1841; that the defendant paid to him (plaintiff) $142 in January, 1840, on the note of $1,522 37½ then due, and the balance of the same was then renewed at 12½ per cent. for the year then commencing; and that shortly after the expiration of that year, the defendant paid him (plaintiff) the sum of $1,800, which was applied, first to the extinguishment of the renewed note, and the balance to the other note of $1,200, which was unrenewed. The plaintiff further testified, that the note of $1,200 remained unrenewed for one year longer, at eight per cent. interest, and was then renewed at sixteen per cent., and that this is the note sued on. The counsel for the plaintiff then requested the court below to charge the jury, that the voluntary payment of the usurious note out of the $1,800, could not be withdrawn from it, and the balance paid on the same, over and above the amount due at the time of the first renewal, applied to the extinguishment of the note which was not tainted with that usury; which the court below refused to do, but charged the reverse, and the jury found pursuant to the charge. To which the counsel for the plaintiff in error excepted.

John P. Gaulden, for the plaintiff in error *ex parte*, the defendant in error having failed to appear, either in person or by attorney, to join issue on the

16

assignment of errors, cited the following authorities :—*Simpson* vs. *Ingham*, 2 *Barn. & Cres.* 65 ; 2 *Saunders on Pleading and Ev.* 716 ; 6 *Taunton*, 495 ; 3 *Starkie Ev.* 1090 ; *Matthews* vs. *Welwyn*, 4 *Ves.* 118 ; 3 *Barn. & Cres.* 164 ; *Prin. Dig.* 295.

*By the Court*—WARNER, *Judge.*

The error assigned in this case is, the charge of the court to the jury. From the record, it appears the defendant, Pearce, executed to the plaintiff two notes—one of which was for the sum of $1522 37, due 1st Jan. 1840—the other was for the sum of $1200 00, due 1st Jan. 1841. In Jan. 1840, the defendant paid the plaintiff $142 00 on the note then due, and renewed his note for the balance due, at twelve and a half per cent. for the ensuing year. Shortly after the expiration of that year, the defendant paid the plaintiff $1800 00, which was applied to the extinguishment of the renewed note, and the remaining balance applied to the other note, which had not been renewed. It also appears, this last note remained unrenewed for one year longer, at eight per cent., and was then renewed at sixteen per cent., and the note now sued on, is the renewed note. The counsel for the plaintiff in error requested the court below to charge the jury, that the *voluntary* payment of the usurious note out of the $1800 00, could not be withdrawn from it, and the balance paid on the same, over and above the amount due at the time of the first renewal, applied to the extinguishment of the note which was not tainted with usury ; which charge, the court refused to give, but charged the contrary thereof. The general rule is, when there are distinct demands due by the debtor to the creditor, and a payment is made by the debtor, he has the right to direct the application of the payment ; but if the debtor does not make a specific application of the payment at the time, then the right of application devolves on the party receiving the money.—*Simpson* vs. *Ingham*, 9th *English Com. Law Rep.* 28 ; *Smith* vs. *Screven*, 1st *M'Cord's Rep.* 368. In this case, it appears the payment was applied to the first note, which was extinguished, and the balance of the $1800 00, after extinguishing the first note, was applied to the note now sued on. To the suit on this last note, the defendant has filed the plea of usury and payment ; and the question is, whether the amount of usury which the defendant paid, over and above the principal and lawful interest due on the first note, at the time it was paid off and extinguished, could be withdrawn, and applied to the discharge of the note now sued on, under the state of the pleadings disclosed by the record. The first note was paid off and extinguished ; principal, lawful interest, and the usurious interest. The party who paid it, could maintain his action against Rackley, and recover back the amount of the usurious interest so paid. Here are *two separate contracts*, one of which is paid off and extinguished. On what principle is it, the payment of the one can be considered as the payment of the other ? If the plaintiff is indebted to the defendant for money paid to his use, which he *is* not entitled in justice to retain, then the defendant could either have brought his action against him therefor ; or, if the plaintiff instituted a suit against him, to recover a money demand, as in this case, the defendant could have plead such indebtedness by way of set-off to the plaintiff's action, and on due proof thereof, been allowed the same. If the usurious interest, paid by the defendant

in the extinguishment of the first note, can be withdrawn, and applied in discharge of the second note, under the plea of *payment*, what protection would the record in this case afford Rackley, in a suit by Pearce, to recover back the usury paid him on the first note ? As the indebtedness of Rackley to Pearce is for usurious interest paid by the latter, for which an action might be maintained, we are of the opinion, the defendant should have pleaded his demand to the plaintiff's action by way of set-off, and that he cannot be allowed the same under the plea of *payment*.

" A set-off means a *cross-claim*, for which an action might be maintained against the plaintiff, and is very different from a mere right to a *deduction* from, or reduction of, his demand, on account of some matter connected therewith, and which may be given in evidence under the general issue, such as a payment on account, &c.—*2d Saunders' Plead. and Ev.* 786.

As there was no plea of set-off filed by the defendant, we are of the opinion, the court below committed error in refusing to give to the jury the instruction prayed for by the counsel for the plaintiff in error, and in giving the contrary instruction. Let the judgment of the court below be reversed, and a new trial granted.