### 47487.   ATKINS et al. v. CITIZENS & SOUTHERN NATIONAL BANK.

STOLZ, Judge. This case is an appeal from a judgment for the plaintiff bank from the State Court of DeKalb County, sitting without a jury.

Carson Construction & Engineering Company, Inc. (Carson) executed a collateral instalment note to the Citizens & Southern National Bank (plaintiff) on October 16, 1969, for $21,239.28. The note (guaranteed note) was secured by a caterpillar tractor and personally guaranteed by the defendants (appellants), who were also Carson's corporate officers.

On April 22, 1970, Carson executed a second note (unguar-

anteed note) to the plaintiff bank. This second note was for $15,825.24, secured by a John Deere tractor and Reid Trailer, and was not personally guaranteed.

Both notes went into default and the plaintiff exercised its right to declare the entire balance due on both notes.

Both notes contained the following provisions: "Any proceeds of any disposition of collateral may be applied by the holder to the payment of expenses in connection with the collateral, including reasonable attorney's fees and legal expenses, and any balance of such proceeds may be applied by the holder toward the payment of such of the liabilities, and in such order of application, as the holder may from time to time elect. No delay or failure on the part of the holder in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by the holder of any right or remedy shall preclude other or further exercise thereof or the exercise of any other right or remedy."

After demand by the plaintiff, the defendants actively assisted in locating and gaining possession of the security for both notes. A mutually agreeable sales agent was selected by the parties. Thereafter, the caterpillar tractor was sold on the plaintiff's behalf in February 1971 for $15,500. At the time of sale the balance due on the note secured thereby was $14,159.52. After deducting the expenses of sale, the net proceeds received from the sale of the caterpillar tractor were $565.48 in excess of the amount due on the guaranteed note.

The John Deere tractor was sold in May 1971, but did not bring enough to satisfy the note it was given to secure.

The plaintiff applied the total proceeds received from the sale of both tractors, first toward the payment of the unguaranteed note (which was thereby paid off entirely) and the remainder to the guaranteed note, leaving a deficiency amount of $5,831.86.

The plaintiff made demand on the defendants for payment of the deficiency under the terms of their guaranty on the first note. The defendants denied liability, contending

that they gave the plaintiff's branch manager oral instructions to apply the sale proceeds toward payment of the guaranteed note first and then toward the unguaranteed note, as authorized by *Code* § 20-1006. The evidence was conflicting on this point. The trial judge found that such instructions were not given and rendered judgment for the plaintiff for the amount sued for plus interest, attorney's fees and court costs. *Held:*

The appellants' contention that they gave instructions for the appropriation of payment pursuant to *Code* § 20-1006, is without merit. The trial judge sitting without a jury found that the defendants did not give the plaintiff's branch manager instructions to apply the proceeds from the sale of the caterpillar tractor to the payment of the guaranteed note which was secured thereby. The evidence on this point, though conflicting, is sufficient to authorize such a finding. "[W]here, as here, the parties consent for the court, without the intervention of a jury, to determine all issues in the cause, this court will not reverse the judge if there is any evidence to support his finding, no error of law appearing." *Stallings v. Britt,* 204 Ga. 250 (3) (49 SE2d 517).

Assuming, arguendo, that the trial judge had found that such oral instructions had been given, the plaintiff bank would not have been bound thereby and a different result would not be reached. The evidence shows that any such direction came after both notes were in default and demand made for their payment in full. Under such circumstances, the appropriation of payment provisions of *Code* § 20-1006 are not applicable. This provision of our law addresses itself to voluntary payments (*Kyle v. Chattahoochee Nat. Bank,* 96 Ga. 693, 698 (24 SE 149); *C. & S. Bank v. Armstrong,* 22 Ga. App. 138, 141 (95 SE 729)), and is not changed because the sale here was not a judicial sale under power. The plaintiff had the right to take possession of the collateral when the default occurred (*Code Ann.* § 109A-9—503; Ga. L. 1962, pp. 156, 422), and to sell the collateral at private sale in a com-

mercially reasonable manner. *Code Ann.* § 109A-9—504 (1) (Ga. L. 1962, pp. 156, 422). As heretofore mentioned, the note in question gave the bank the right to apply the proceeds of the sale of collateral to any indebtedness owed by the debtor. While ordinarily any sale of goods under the Uniform Commercial Code requires the disposition of funds in the order prescribed in *Code Ann.* § 109A-9—504 (1) (a) and (b), this can be waived or varied by agreement of the parties. See: *Code Ann.* § 109A-9—501 (3) (Ga. L. 1962, pp. 156, 420) and § 109A-1—102 (3) (Ga. L. 1962, pp. 156, 158).

*Judgment affirmed. Bell, C. J., and Evans, J., concur.* ARGUED SEPTEMBER 7, 1972—DECIDED OCTOBER 17, 1972.

*Henning, Chambers & Mabry, Walter B. McClelland,* for appellants.
*Alston, Miller & Gaines, W. Terrence Walsh,* for appellee.