## 49033. STOKES v. WALKER.

CLARK, Judge.

This is an appeal by Stokes from an adverse money judgment rendered against him as defendant below in a suit brought by Walker for breach of contract.

The document involved was dated August 25, 1970, and provided for a grant by Stokes to Walker of a geographical territory for the distribution of a specific brand of machines used for cleaning automotive cooling systems. Under the contract captioned "Lease Agreement and Product Order" Walker leased four machines for a stipulated monthly rental which was to begin in January 1971 and purchased and paid for 400 units of a specific brand of chemical product.

Two provisions of the contract dealing with cancellation are pertinent to this appeal. One which was numbered 4 was a part of the mimeographed portion. It read: "Distributor may cancel lease on ten days written notice provided all lease payments are current and machines have been returned to company warehouse prepaid." The other paragraph designated as 3c was typed in at plaintiff's request. It provided that "Company agrees to buy back all unsold products in event of cancellation."

Within less than three months, plaintiff on November 13, informed defendant by telephone that he was exercising his right of cancellation under the terms of the contract. He confirmed this by subsequent registered letter dated November 25, 1970, constituting the written notice required by paragraph 4. In his letter he added that "The machines have not been returned to the company warehouse prepaid as required in term 4, due to your request for their retention in Decatur, Alabama, until another distributor is located." (T. 79). This letter also confirmed the distributor's exercise of the typewritten provisions of paragraph 3c for resale of the full amount of the original chemical product.

The instant suit for breach of contract was subsequently filed and was tried before a judge without a jury. The transcript of testimony shows a disagreement between the parties as to the details of the November 13th telephone conversation in that defendant-appellant contradicted plaintiff-appellee as to plaintiff having made a legal tender of the four machines. One of these machines had been placed at a Decatur, Alabama, service station and was subsequently lost.

The trial judge's findings of fact on all questions were favorable to plaintiff. One of these read: "The court further finds that tender of the machines was made to defendant but that defendant waived delivery and encouraged plaintiff to continue holding the product and the machines where located at the time of cancellation." An additional finding of fact was that the contract gave the plaintiff the right of cancellation and that the plaintiff had fulfilled his obligations thereunder as evidenced by the letter of November 25, 1970.

After judgment was rendered for plaintiff the defendant took this appeal.

1. "Where a contract provides that there must be a tender of money or a performance of some obligation, the party bound to make the tender or perform the obligation may be relieved, and the tender and obligation held to have been waived, where the other party to the contract repudiates it, by act or word, or takes a position which would render tender or performance of the obligation imposed useless or impossible." *Blount v. Lynch,* 24 Ga. App. 217, 221 (100 SE 644). See Code §§ 20-1104 and 20-1105. Therefore, even if, as defendant asserts, plaintiff distributor did not properly tender the machines, he was relieved of that obligation when defendant instructed him to keep the machines where they were. Such conduct by defendant amounted to a waiver of plaintiff's contractual obligation to perform.

2. Defendant contends that even if plaintiff successfully canceled the lease agreement, defendant was not obligated to purchase the unsold chemicals in accordance with provision 3c on the basis that this section authorized cancellation by the defendant, not by the plaintiff. The thrust of defendant's contention is that the clause in question is a subsection of an entire paragraph numbered 3 wherein are stated two causes for which *defendant* could cancel the contract, these being numbered 3a and 3b. The most that can be said for this inserted clause 3c is that it may be ambiguous, and that in such event it became a question of fact as to what the parties intended. *Tarbutton v. Duggan,* 45 Ga. App. 31 (7) (163 SE 298). The testimony of plaintiff that the clause was inserted for his benefit regardless of which party canceled (T. 74) is sufficient to authorize the trial court's conclusion as to defendant's liability. See also *Good Roads Machinery Co. v. Neal & Son,* 21 Ga. App. 160 (93 SE 1018), Headnote 3 reading: "When it is possible to do so without contravening any rule of law, the courts will construe a contract as binding on both the parties, where, from the language of the contract, the conduct of the parties, and all the attendant circumstances, it appears that the intention of the parties was that both should be bound by the sale, and substantial justice requires that

the contract be given effect. Civil Code (1910), § 4268 (3); *Mill Wood & Coal Co. v. Flint River Cypress Co.,* 16 Ga. App. 636 (1), 637 (85 SE 943); *Mutual Life Ins. Co. v. Durden,* 9 Ga. App. 797 (3), 800 (72 SE 295)."

3. The general grounds are without merit. " 'Where, as here, the parties consent for the court, without the intervention of a jury, to determine all issues in the cause, this court will not reverse the judge if there is any evidence to support his finding, no error of law appearing.' *Atkins v. C & S Nat. Bank,* 127 Ga. App. 348, 350 (193 SE2d 187) and cit." *Cook v. Van Deren Hardware, Inc.,* 129 Ga. App. 768, 769 (201 SE2d 328). The testimony of the plaintiff amply supports the court's finding that defendant waived delivery of the machines, and consequently, waived the second condition required for cancellation.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED FEBRUARY 4, 1974 — DECIDED APRIL 2, 1974.

*Preston L. Holland,* for appellant.

*Cotton, Katz & White, J. Christopher Simpson,* for appellee.