## 55109. J. J. FOWLER, INC. v. FULTON NATIONAL BANK.

McMURRAY, Judge.

On December 26, 1975, J. J. Fowler pledged 3,862 shares of the Citizens & Southern National Bank stock to secure his indebtedness to the Fulton National Bank of Atlanta. Fowler had previously executed a $400,000 note to the bank dated April 23, 1974.

On February 3, 1976, J. J. Fowler, Inc. executed a note for $5,269.80, as well as a security agreement hypothecating and assigning to the bank a John Deere diesel loader and certain accessories. On May 13, 1976, the corporation executed another note in the sum of $98,884.83 assigning a security interest in the same 3,862 shares of Citizens & Southern National Bank stock and a John Deere diesel loader. The indebtedness on the first note was reduced to $5,331.71 and $17,013.51 on the latter note by reason of payments. On May 17, 1977, J. J. Fowler was notified that the 3,862 shares of stock in "C&S Bank" had been sold by the bank for the total of $25,585.75 which has been "credited to your debt."

The Fulton National Bank then applied for a writ of possession of the John Deere tractor and the accessories which were secured by the two notes to it by reason of the remaining indebtedness of $22,345.21. The defendant answered, denying any debt, contending therein that it paid $88,000 in November 1976 and the balance of the securities in the amount of $25,585.75 "would have more than paid all obligations of J. J. Fowler, Inc." Defendant

also answered that "Fulton National Bank owes the balance of the proceeds of security sale to J. J. Fowler, Inc." Thereafter, defendant moved for leave to amend its answer, elaborating further on its denial of indebtedness including a counterclaim seeking an accounting on the sale of the security and a jury trial. The motion to amend was allowed as to the first, second and third defenses, but the request for an accounting in the counterclaim as well as a request for jury trial were denied.

The case was heard before the court without a jury with findings of fact determined generally as above, including the fact that the defendant had defaulted on the indebtedness and that "[t]he proceeds of the sale of 3,862 shares of Citizens and Southern National Bank stock, shown as collateral on the note. . . were applied to a real estate note dated April 23, 1974, in the amount of $400,000.00, and indebtedness of J. J. Fowler, individually." The conclusion of law was that the plaintiff was entitled to possession of the John Deere diesel loader and accessories, and the writ of possession was granted. Defendant appeals. *Held:*

Defendant contends that the plaintiff was obligated to apply the proceeds from the sale of its pledged stock to this indebtedness "thereby extinguishing the defendant-appellant's debt in its entirety." By brief it contends that the application of the proceeds from the sale of this stock to the indebtedness of Fowler individually was in violation of defendant's right to direct to which of several debts a payment should be applied. See Code § 20-1006. See *Rackley v. Pearce,* 1 Ga. 241; *Pritchard v. Comer & Co.,* 71 Ga. 18; *Atkins v. C. & S. Nat. Bank,* 127 Ga. App. 348, 350 (193 SE2d 187). However, these cases deal with voluntary payments and in this instance the stock was pledged for the security of the indebtedness of Fowler individually, as well as the corporation J. J. Fowler, Inc. It is quite evident here that the stock pledged and assigned and hypothecated was sold by the bank for the purpose of paying the indebtedness of Fowler individually. See *Atkins v. C. & S. Nat. Bank,* 127 Ga. App. 348, 350, supra. The trial court did not err in denying the defendant's motion for directed verdict ‚and in entering judgment against it since there was evidence to

support the findings of fact and conclusions of law. See *Kingston Dev. Co. v. Kenerly,* 132 Ga. App. 346, 349 (1) (208 SE2d 118); *Balkcom v. Vickers,* 220 Ga. 345, 348 (138 SE2d 868); *Pinkerton & Laws Co. v. Atlantis Realty Co.,* 128 Ga. App. 662, 665 (197 SE2d 749).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED JANUARY 11, 1978—DECIDED MARCH 9, 1978.

*McCurdy & Candler, George H. Carley, John Perry Cripe,* for appellant.

*Zusmann, Sikes, Pritchard & Cohen, Dennis M. Hall, Charles E. Lamkin,* for appellee.