58790. ROLLINS v. GAULT.

SOGNIER, Judge.

Appellee Gault, plaintiff in the lower court, entered into a sales contract to purchase a house from appellant Rollins. This contract had certain contingencies which are at issue in this case, as follows: "2. (c) At closing, Purchaser agrees to pay the purchase price to Seller as follows: All cash to Seller at closing. Purchaser to apply for and accept, if approved V.A. first mortgage loan in the principal amount of $46,000.00 for a term of 30 years to be amortized in equal monthly payments, including principal, interest, property tax and insurance... 9. This sale is contingent upon Purchaser's ability to acquire the above described loan. If said loan is not available, this contract is null and void and all earnest money is to be refunded to Purchased [sic]." The contract also contained a special stipulation, as follows: "19. This sale is contingent upon Purchaser's present home selling and closing, with a 72 hour first right of refusal if Seller should receive another contract to purchase."

The appellant-seller, Rollins, through his agent gave oral notice on April 2, 1978 to the appellee-purchaser, Gault, through appellee's agent that appellant had another contract and appellee could waive the contingency in paragraph 19 of the contract if he wished.

Testimony was offered that this contingency was waived within the 72-hour period. Also, on April 2, according to the date on the contract, appellant executed a contract for the sale of this same house to a third party without mention of the so-called 72-hour provision in his previous contract. Plaintiff/appellee Gault sued for damages for breach of the contract. The judge heard the case without a jury and found for the plaintiff/appellee Gault and awarded damages. In the findings of fact and conclusions of law, the judge found that the defendant/appellant Rollins, by signing the second contract, deprived plaintiff of his 72-hour "right of first refusal."

The above quoted stipulation 19 was ambiguous but all parties and the judge interpreted it as allowing the appellee-purchaser Gault 72 hours in which to advise seller that he (Gault) would remove this contingency if another sales contract was tendered to appellant-seller on this property. The contract would then be unequivocal in this regard. Evidence may be received from the parties to aid in the interpretation of an ambiguous provision (Code Ann. § 20-704; *Swanson v. Mobley,* 33 Ga. App. 791 (127 SE 806) (1925)) and the parties' understanding of the provision will be followed. *McKee v. Cartledge,* 79 Ga. App. 629 (54 SE2d 665) (1949); *San Joi, Inc. v. Peek,* 140 Ga. App. 397, 399 (231 SE2d 145) (1976).

There was ample evidence to support the findings of the judge acting as a jury and these findings will not be disturbed. *McDaniel Printing Co. v. Ben Meadows Co.,* 144 Ga. App. 419 (241 SE2d 58) (1977); *Azar v. Accurate Const. Co.,* 146 Ga. App. 326 (246 SE2d 381) (1978).

Appellant argues that the contract lacked mutuality and was thus void. The claimed lack of mutuality lay with the failure of the appellee-purchaser to obtain a V.A. loan as provided by the other contingency quoted above, this being termed a condition precedent. However, once a party voluntarily places himself in a position where he cannot perform his part of the contract, he releases the other party from any further duty to comply with the contingencies as a condition precedent to suit. *Stokes v. Walker,* 131 Ga. App. 550, 552 (206 SE2d 564) (1974); *Blount v. Lynch,* 24 Ga. App. 217, 221 (100 SE 644) (1919).

*Judgment affirmed. McMurray, P. J., and Banke, J.,*

*concur.*

SUBMITTED OCTOBER 30, 1979 — DECIDED MARCH 10, 1980.

*Joe W. Cook,* for appellant.
*William Boyd Lyons, Larry K. Janney,* for appellee.