A91A1915. RE/MAX SPECIALISTS, INC. v. KOSAKAI.
(415 SE2d 698)

SOGNIER, Chief Judge.

Michio Kosakai filed suit against Craftmaster Home Corporation and Re/Max Specialists, Inc. to recover an earnest money deposit paid under a contract to purchase a home. Craftmaster voluntarily returned the deposit and was dismissed from the suit. Re/Max filed an answer and counterclaim, claiming entitlement to 52 percent of the real estate commission due under the contract. The trial court granted Kosakai's motion for summary judgment, and Re/Max appeals.

The trial court granted summary judgment to appellee on the ground that no valid contract for the sale of real estate ever existed, finding there was no meeting of the minds between the parties. We reverse.

In support of his motion for summary judgment, appellee proffered his own affidavit, in which he averred that he made a written offer to purchase real estate through appellant as broker; that the offer had been modified by Craftmaster without the approval or authorization of appellee; and that the contract, which was attached to appellee's complaint, contained both items inserted or altered by Craftmaster to which he had not assented and alterations proposed by him to which Craftmaster did not agree.

In opposition to appellee's motion for summary judgment, appellant proffered the affidavit of Keichi Kimura, one of its real estate

agents. The affidavit contains an averment that although appellee's first offer, as evidenced by the contract attached to appellee's complaint, had indeed been rejected by Craftmaster and had expired, proposals and counterproposals were exchanged thereafter, culminating in the amended writing attached to appellee's complaint, the changes in which appellee approved. We note that the initials "MK" clearly appear adjacent to the strikeovers and alterations in those amended paragraphs of the contract attached to appellee's complaint which appellee avers he never approved. Kimura averred that he personally notified appellee that Craftmaster had accepted his last offer and that he discussed with appellee details of steps required of appellee in performing under the accepted agreement. Kimura also averred that at a later meeting, appellee "did not seem to be in good spirits," and admitted he wanted to get out of the contract.

Although parol evidence in this case would be inadmissible to establish a contract for the sale of land, which must be in writing, see OCGA § 13-5-30 (4), or to vary, modify, or contradict the written terms, see *Sanders v. Vaughn*, 223 Ga. 274 (1) (154 SE2d 616) (1967), in this case there is a writing, taking the transaction at issue out of the statute of frauds. However, it is impossible to ascertain from the face of the document whether the contract attached to appellee's complaint actually represents a meeting of the minds. Thus, the affidavits from both appellant and appellee were admissible evidence on this issue. See generally *Ralston Purina Co. v. Black*, 121 Ga. App. 661, 662-663 (175 SE2d 125) (1970).

The issue of whether a valid written contract existed is crucial to the resolution of this case and the evidence is in total conflict as to whether the writing in issue is such a contract. "The Summary Judgment Act does not authorize the trial court to sit as both judge and jury, weighing the evidence and deciding issues that are traditionally for the jury. [Cit.] The sole function of the court on a motion for summary judgment is, rather, to determine whether there exists a genuine issue of material fact. [Cits.] In the instant case it is clear that such issues exist. Whatever the ultimate disposition of this case, appellant's opportunity to have the issues reviewed by a jury should not have been foreclosed." *Scott v. Owens-Illinois*, 173 Ga. App. 19, 22-23 (3) (325 SE2d 402) (1984). The trial court erred by granting summary judgment to appellee.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 7, 1992 —
RECONSIDERATION DENIED FEBRUARY 18, 1992.

*Rice & Keene, Louis F. McDonald,* for appellant.

*Robert S. Devins*, for appellee.