A93A0131. TMS INSURANCE AGENCY, INC. v. MITCHELL.
(431 SE2d 391)

McMURRAY, Presiding Judge.

Plaintiff TMS Insurance Agency, Inc., an insurance agency, entered into a written independent contractor agreement with defendant Mitchell. The agreement provided that plaintiff was to train and provide certain resources to defendant who would sell insurance. The contract contained three provisions relevant to this action.

Section 5 provided that defendant was to be compensated at the rate of "forty (40%) percent of all commission revenue or other compensation" derived from business initiated or procured by defendant. Section 6 provided that on termination of the agreement defendant would be entitled to purchase her book of business (i.e., accounts she had initiated or procured) from plaintiff for an amount determined by a formula based on the amount of commissions generated by the accounts. Section 7 provided that should defendant not purchase her "book of business," she would not solicit for a period of two years following the termination of the agreement for the sale of any form of insurance to any client of plaintiff with whom defendant had substantial business contact, and provided a formula for liquidated damages should defendant violate this provision.

The relationship between plaintiff and defendant terminated. Within the following two years defendant solicited and sold insurance to several clients and former clients of plaintiff with whom she had

contact during the period covered by the contract with plaintiff.

Plaintiff filed a multi-count action against defendant. Defendant counterclaimed and filed a third-party action against Donald W. Hampton, plaintiff's president. This appeal is concerned only with the superior court's grant of defendant's motion for partial summary judgment as to the issues raised by plaintiff's Count 2, which seeks damages for an alleged breach of contract by defendant soliciting clients of plaintiff which she had serviced or secured pursuant to the contractual relationship with plaintiff and in violation of the terms of that agreement. *Held*:

Defendant's motion for partial summary judgment was predicated on the supposition that plaintiff had breached the contract with defendant prior to the termination of that agreement and prior to any of the acts which plaintiff contends were breaches of the agreement by defendant. Along with other acts alleged to be breaches of the agreement by plaintiff, defendant directed attention to plaintiff's sale of accounts initiated or procured by defendant to other insurance agencies. Defendant argued that plaintiff thus placed itself in a position where it could not comply with its obligation under the contract to sell these accounts to defendant, if she wished, at the termination of the agreement.

"OCGA § 13-4-23 provides that '(i)f the nonperformance of a party to a contract is caused by the conduct of the opposite party, such conduct shall excuse the other party from performance.' Accordingly, ' "(w)here a contract provides that there must be a tender of money or a performance of some obligation, the party bound to make the tender or perform the obligation may be relieved, and the tender and obligation held to have been waived, where the other party to the contract repudiates it, by act or word, or takes a position which would render tender or performance of the obligation imposed useless or impossible." ' *Stokes v. Walker*, 131 Ga. App. 550, 552 (1) (206 SE2d 564); accord *Rives E. Worrell Co. v. Key Systems*, 147 Ga. App. 383, 386 (4) (248 SE2d 686)." *Southern Business Machines of Savannah v. Norwest Financial Leasing*, 194 Ga. App. 253, 254 (1) (390 SE2d 402). See also *Ott v. Vineville Market, Ltd.*, 203 Ga. App. 80 (1) (416 SE2d 362) and *Rollins v. Gault*, 153 Ga. App. 781, 782 (266 SE2d 560).

The superior court adopted the view advocated by defendant that plaintiff by placing itself in a position where it could not perform its part of the contract had released defendant from any obligation to comply with the condition precedent of a tender for the already sold accounts. To some degree the superior court's conclusions may be predicated on an erroneous understanding of the facts since it has recited in its order that plaintiff sold defendant's "book of business" prior to the termination of defendant's employment. In fact, the evi-

dence shows that at the termination date, plaintiff had sold a portion of defendant's book, including all of her trucking business, but had retained approximately 90 percent of her total "book."

On appeal, plaintiff has presented a substantial performance argument suggesting that the sale of so small a portion of defendant's "book" did not amount to a breach of the contract on its part. Not unexpectedly, defendant urges a more stringent construction of the contract and argues that any sale of a portion of her "book of business" by plaintiff amounted to a breach of the contract.

These arguments direct our attention to the terms of the contract between the parties and we find there at least a question of fact as to whether the contract contemplated a sale of all or a portion of defendant's "book of business" prior to termination of her employment. The contract provides that clients secured by defendant are clients of plaintiff and not of defendant, and there is no explicit prohibition of plaintiff selling an account initiated or procured by defendant. Section 5 of the contract providing for compensation of defendant addressed the division not only of commission revenues but also of "other compensation received by" plaintiff from insurance business initiated or procured by defendant. This could include proceeds from the sale of an account. Thus for purposes of review of the grant of partial summary judgment to defendant we must reject the supposition that plaintiff's sale of a portion of defendant's "book of business" constituted a breach of the contract.

When the contract is thereby viewed as contemplating a sale by plaintiff of some or all of defendant's "book of business" prior to termination, defendant's right to purchase her "book" at termination must be construed as being limited to her "book" as it existed at the time of termination. Under this view of the facts, plaintiff could have fulfilled its obligation to sell defendant's "book" to her at the time of termination of employment and defendant was not excused from making the tender required under the contract if she wished to solicit plaintiff's clients within two years after the termination. The additional issues thus raised as to the effect of any breach of contract by plaintiff in failing to share with defendant the proceeds from the sale of a portion of her "book" and whether any such breach was waived by defendant remain to be resolved by a trier of fact. Genuine issues of material fact remain for resolution by a jury, therefore the superior court erred in granting defendant's motion for partial summary judgment. *Re/Max Specialists v. Kosakai*, 202 Ga. App. 871, 872 (415 SE2d 698).

*Judgment reversed. Beasley, P. J., and Cooper, J., concur.*

DECIDED APRIL 15, 1993 —
RECONSIDERATION DENIED MAY 7, 1993.

*Friedman & Montalto, Steven Montalto, Jill A. Barker*, for appellant.

*Branch, Pike, Ganz & O'Callaghan, Gregory J. Digel, Barry G. Roberts*, for appellee.